1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   SYED MOHSIN,                                No.  2:13-cv-01236-TLN-EFB

12              Plaintiff,

13         v.                                    **ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANTS'**
14   CALIFORNIA DEPARTMENT OF                    **MOTION TO DISMISS**
     WATER RESOURCES, DAVID
15   GUTIERREZ, MICHAEL WAGGONER,

16              Defendant.

17

18              This matter is before the Court pursuant to Defendants' California Department of

19   Water Resources ("DWR"), David Gutierrez, and Michael Waggoner (collectively "Defendants")

20   Motion to Dismiss Plaintiff's Complaint.  (ECF No. 9.)  Plaintiff Syed Mohsin ("Plaintiff") filed

21   an Opposition to Defendants' motion.  (ECF No. 20.)  The Court has carefully considered the

22   arguments raised in Defendants' motion and reply, as well as Plaintiff's opposition.  For the

23   reasons set forth below, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED

24   IN PART.[1]

25   ///

26   _____

     [1] Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss argues for the dismissal of Plaintiff's prayers for
27   injunctive relief on various grounds.  (ECF No. 21 at 5–7.)  The Court declines to address in this Order entirely new
     arguments put forward in Defendants' Reply.  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  However,
28   Defendants may resubmit these arguments following Plaintiff's submission of an amended complaint if they feel that
     these alleged deficiencies remain.

# I.   FACTUAL BACKGROUND

Plaintiff was employed as an assistant engineering specialist by DWR from August 2000 to April 13, 2012.  (Complaint, ECF No. 1 at ¶ 8.)  He was diagnosed with right temporal lobe epilepsy at the age of 10 and, as a result, he suffered from various types of seizures throughout his life.  (ECF No. 1 at ¶ 21.)  Plaintiff alleges that at the time he was hired, his neurologist completed a medical form that served as the basis for DWR to accommodate certain restrictions on Plaintiff's duty statement as required by his condition.[2]  (ECF No. 1 at ¶¶ 26–29.)  Plaintiff states these accommodations remained in place until February 2002, when they were removed from his duty statement over his protest.  (ECF No. 1 at ¶¶ 39–40.)

On August 5, 2002, Plaintiff had brain surgery that lessened the degree of his seizures, but negatively impacted his mental processing speed and the use of his executive functions.  (ECF No. 1 at ¶ 43.)  Plaintiff alleges that he attempted to receive accommodations for his condition following the surgery, but that Mr. Gutierrez "effectively refused" to provide those accommodations.  (ECF No. 1 at ¶¶ 49–50.)  The complaint states that DWR sought evaluations proposing accommodations for Plaintiff's condition from multiple doctors, including Plaintiff's own doctor.  (ECF No. 1 at ¶¶ 51–54.)  Ultimately, DWR issued a "Notice of Medical Action" pursuant to CAL. GOV'T. CODE § 19991.10 on March 12, 2012.  (ECF No. 1 at ¶ 65.)

Plaintiff states that his medical termination was preceded by tens years of harassment led by Defendant Waggoner, in an effort to force Plaintiff to resign.  (ECF No. 1 at ¶ 61.)  Plaintiff also alleges that he was rejected from approximately 20 other positions within DWR for which he applied and that those positions were filled by individuals with lesser qualifications.  (ECF No. 1 at ¶¶ 69–71.)

Plaintiff brings this suit against Defendants DWR, Gutierrez, Waggoner, and DOES 1–10 for violations of the Fourteenth Amendment of the U.S. Constitution, Section 1983 (42 U.S.C. § 1983), Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), the California Fair Employment and Housing Act (CAL.

---

[2] These restrictions included: 1) no climbing or working in high places; 2) no working around dangerous, moving equipment; 3) no driving a motor vehicle or motorized equipment on state business; and 4) no working in an area where a "seizure" would endanger himself and/or others.  (ECF No. 1 at ¶ 29.)

1  GOV'T. CODE § 12900, *et seq.*), and for Intentional Infliction of Emotional Distress, Negligence,

2  and Wrongful Termination.

3      **II. STANDARD OF LAW**

4      Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and

5  plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*,

6  556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give

7  the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell*

8  *Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified

9  notice pleading standard relies on liberal discovery rules and summary judgment motions to

10  define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*

11  *N.A.*, 534 U.S. 506, 512 (2002).

12      On a motion to dismiss, the factual allegations of the complaint must be accepted

13  as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of

14  every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.

15  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not

16  allege "'specific facts' beyond those necessary to state his claim and the grounds showing

17  entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

18  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

19  defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

20  544, 556 (2007)).

21      Nevertheless, a court "need not assume the truth of legal conclusions cast in the

22  form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

23  Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

24  an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

25  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

26  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

27  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

28  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

1   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

2   been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

3   459 U.S. 519, 526 (1983).

4          Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged

5   "enough facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697

6   (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims .

7   . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at

8   680.  While the plausibility requirement is not akin to a probability requirement, it demands more

9   than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility

10  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

11  experience and common sense."  *Id.* at 679.

12         In ruling upon a motion to dismiss, the court may consider only the complaint, any

13  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

14  Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

15  *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

16  1998).

17         If a complaint fails to state a plausible claim, "'[a] district court should grant leave

18  to amend even if no request to amend the pleading was made, unless it determines that the

19  pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d

20  1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir.

21  1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of

22  discretion in denying leave to amend when amendment would be futile).  Although a district court

23  should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

24  discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended

25  its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

26  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

27  / / /

28  **/ / /**

4

### III. ANALYSIS

### a. <u>Equal Protection and Due Process Clauses of the 14th Amendment (Count I)</u>

Plaintiff seeks to bring a claim against Defendants under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (ECF No. 1 at ¶¶ 72–75 .) Defendants move to dismiss this claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that no cause of action exists directly under the United States Constitution. Defendants also move to dismiss this claim under Rule 41(b), arguing that Plaintiff fails to comply with Rules 8(a) and 10(b). (ECF No. 9-1 at 6.) The Court finds cause to dismiss Count I without leave to amend under 12(b)(6) and therefore does not reach Defendants' arguments under Rules 12(b)(1) and 14(b).

Defendants correctly state under *Azul-Pacifico, Inc. v. City of Los Angeles* that no cause of action exists directly under the United States Constitution. 973 F.2d 704, 705 (9th Cir. 1992). A cause of action under the Constitution may stand only when no other remedy exists at federal law. *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981). By enacting 42 U.S.C. § 1983, "Congress has supplied the exclusive remedy for constitutional violations committed under color of state authority." *Molina v. Richardson*, 578 F.2d 846, 850 (9th Cir. 1978). Plaintiff not only has a remedy under § 1983, but he has made use of that remedy by alleging Count IV. (ECF No. 1 at ¶¶ 98–106.) Moreover, Plaintiff's Opposition provides no justification for why a direct action under the Fourteenth Amendment is permitted. Finding that no cause of action can exist, the Court dismisses Count I without leave to amend.

### b. <u>American with Disabilities Act Claim Against DWR (Count II)</u>

Plaintiff alleges that Defendant DWR violated Title I of the Americans with Disabilities Act ("ADA"). [3] (ECF No. 1 at ¶¶ 76–91.) Defendants move to dismiss this claim on the grounds that the state entity is immune to suit under the Eleventh Amendment of the United States Constitution. (ECF No. 9-1 at 7.) The Court agrees that Defendant DWR enjoys immunity to

---

[3] Both Defendants' Motion to Dismiss and Plaintiff's Opposition discuss Title II ADA claims under § 1983. (ECF No. 9-1 at 9 and ECF No. 20 at 16.) However, Plaintiff's complaint indicates that his claims are brought under Title I of the ADA by citing to 42 U.S.C. § 12112(b)(5). (ECF No. 1 at ¶ 81.) Plaintiff's complaint is consistent with the ADA, which provides remedies to employees under Title I. 42 U.S.C. §§ 1211–12117. For these reasons, the Court will address the question of immunity as it applies to ADA Title I.

1   suit under the ADA and must dismiss Plaintiff's claim.

2          Defendants cite *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374

3   (2001), in support of their contention that Title I of the ADA does not abrogate state immunity.

4   (ECF No. 9-1 at 7.)  This interpretation of *Garrett* is thoroughly supported by case law within the

5   Ninth Circuit.  *See, e.g., Thomas v. Nakatani*, 309 F.3d 1203, 1205 (9th Cir. 2002) (noting that

6   Congress did not validly abrogate the state's sovereign immunity until Title I of the ADA);

7   *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 818 *amended*, 271 F.3d 910 (9th Cir.

8   2001) ("[C]laims brought under Title I of the ADA against states for money damages are barred

9   by the Eleventh Amendment."); *Newsome v. State of Cal. Dep't of Soc. Servs.*, No. CIV S-062297

10  DAD PS, 2007 WL 609854, at *2 (E.D. Cal. Feb. 27, 2007).

11         Plaintiff's Opposition argues simply that *Garrett* held the state is immune to money

12  damages, not declaratory judgment or injunctive relief.  Therefore, Plaintiff asserts that this ADA

13  claim is permissible in so far as it only seeks declaratory judgment and injunctive relief.  (ECF

14  No. 20 at 11.)  Plaintiff misunderstands the application of *Garrett*.

15         A claim against the state under Title I of the ADA is permissible only when the plaintiff

16  brings suit *against state officials* for prospective injunctive and declaratory relief—the *Ex parte*

17  *Young* Doctrine.  *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006).

18  "[U]nder the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state

19  official when that suit seeks prospective injunctive relief."  *Douglas*, 271 F.3d at 817–18 (internal

20  citations omitted).  Title I of the ADA itself authorizes private injunctive suits against state

21  officials.  42 U.S.C. §§ 2000e(n), 2000e–5(f)–(g).

22         The Supreme Court in *Garrett* was specific in upholding this statutory right.  *Garrett*, 531

23  U.S. at 374 n. 9 ("Our holding here that Congress did not validly abrogate the States' sovereign

24  immunity from suit by private individuals for money damages under Title I does not mean that

25  persons with disabilities have no federal recourse against discrimination. Title I of the ADA still

26  prescribes standards applicable to the States. Those standards can be enforced by the United

27  States in actions for money damages, as well as by private individuals in actions for injunctive

28  relief under *Ex parte Young*.")  Plaintiff's Complaint names only Defendant DWR in its Title I

6

1  ADA claim, not Defendants Waggoner and Gutierrez.  Because the state is immune from suit in

2  this instance, Count II is dismissed with leave to amend.

3         **c.  <u>Section 504 of the Rehabilitation Act of 1973 Against DWR (Count III)</u>**

4        Plaintiff's complaint alleges that DWR violated Section 504 of the Rehabilitation Act of

5  1973 ("Section 504") by discriminating against Plaintiff solely on the basis of his disability.

6  (ECF No. 1 at ¶¶ 92–97.)  Defendants' Motion to Dismiss asserts that the Court should dismiss

7  Count III on the grounds that Plaintiff's complaint fails to state a claim pursuant to Federal Rule

8  of Civil Procedure 12(b)(6).  (ECF No. 9-1 at 8.)  The Court finds that Plaintiff's complaint fails

9  to meet the requirements of 12(b)(6) and dismisses Count III with leave to amend.

10        An individual asserting a claim under Section 504 must demonstrate the following

11  elements: 1) he is disabled within the meaning of the Act; 2) he was able to perform the essential

12  aspects of his employment either with or without reasonable accommodations; 3) the defendant

13  receives federal financial assistance; and 4) the defendant engaged in adverse employment

14  action(s) that impermissibly discriminated against plaintiff based on his disability.  *Zukle v.*

15  *Regents of Univ. of California*, 166 F.3d 1041, 1045 (9th Cir. 1999); *Ostrofsky v. Dep't of Rehab.*,

16  No. CIV S-07-0987MCEEFBP, 2009 WL 3011578, at *6 (E.D. Cal. Sept. 17, 2009).  Plaintiff's

17  complaint alleges that Defendants violated Section 504 by, "refusing to participate in the

18  interactive process, refusing to provide…reasonable accommodations,…terminating Plaintiff's

19  employment and retaliating against Plaintiff when he complained about such treatment."  (ECF

20  No. 1 at ¶ 97.)  Plaintiff allegations are unclear but the Court assumes that Plaintiff is asserting

21  that each of these violations constitutes an "adverse action" pursuant to the fourth required

22  element of Section 504.

23        Defendants argue that Plaintiff fails to meet the requirements of the cause of action in his

24  failure to demonstrate: 1) that he applied for positions; 2) that he was excluded by reason of his

25  disability; and 3) that the positions for which he applied were part of a program receiving federal

26  assistance.[4]  (ECF No. 9-1 at 8.)  Defendants' argument is well taken.  Plaintiff's complaint fails

---

27  [4] Defendants' Motion to Dismiss presents a different standard for this cause of action that focuses only on Plaintiff's

28  allegations regarding not being hired.  (ECF No. 9-1 at 7–8. (Plaintiff must show that he is: 1) a handicapped person under the Act; 2) otherwise qualified for the position sought; 3) being excluded from the position solely by reason of

1    to specify to which positions he applied or to support that those rejections were based on his

2    disability.  While Plaintiff does assert that less qualified individuals were hired to the positions

3    for which he applied, he does not provide any factual basis on which his belief is based.  (ECF

4    No. 1 at ¶¶ 69–70.)

5         Moreover, Plaintiff's complaint alleges that DWR violated the law not only by refusing to

6    hire him for other positions, but also by "refusing to participate in the interactive process, refusing

7    to provide…reasonable accommodations,…terminating Plaintiff's employment and retaliating

8    against Plaintiff when he complained about such treatment."  (ECF No. 1 at ¶ 97.)  Each of these

9    "adverse employment actions" must be adequately supported.  Plaintiff provides no specific

10   factual support for these allegations.  These omissions constitute a failure to state a claim under

11   12(b)(6).  Plaintiff must plead factual content that allows the court to draw the reasonable

12   inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (citing

13   *Twombly*, 550 U.S. 544, 556 (2007)).  For this reason, Count III is dismissed in its entirety with

14   leave to amend.

15        **d.  Section 1983 Claims Against Waggoner and Gutierrez (Count IV)**

16        Pursuant to 42 U.S.C. § 1983 Plaintiff's alleges claims against Defendants Waggoner and

17   Gutierrez on the basis of the Fourteenth Amendment, Title I of the ADA, and Section 504.  (ECF

18   No. 1 at ¶¶ 98–106.)  Defendants' motion argues that these claims must be dismissed for three

19   reasons: 1) Eleventh Amendment immunity bars these claims; 2) The ADA and Section 504 are

20   not enforceable under a § 1983 action; and 3) Plaintiff does not allege sufficient facts to bring suit

21   against Defendants Waggoner and Gutierrez in their individual capacity.

22        First, the Court looks to the face of the complaint and finds no evidence of Plaintiff's

23   intent to bring these § 1983 claims against Defendants in their *individual capacity*.[5]  To the extent

24

25   plaintiff's handicap; and 4) seeking a position that exists as part of a program or activity receiving federal financial
     assistance.))  While the elements are accurate with respect to that particular adverse action, the Court finds it
26   necessary to apply a broader standard to address the breadth of Plaintiff's claim.
     [5] Plaintiff's complaint refers to Count IV as applying to Defendants "in their official capacities."  (ECF No. 1 at
27   ¶100.)  Defendants' Motion to Dismiss argues against the application of § 1983 claims to Defendants in their *official
     capacity* but, "[i]n an abundance of caution," also makes an argument to dismiss any § 1983 claims made against
28   Defendants in their *individual capacity*.  (ECF No. 9-1 at 10.)  Plaintiff's Opposition then responds with analysis as
     to the validity of § 1983 claims against Defendants in their *individual capacity*.  (ECF No. 20 at 15.)

1    that Plaintiff intended to bring § 1983 claims against Defendants Waggoner and Gutierrez in their

2    individual capacity, those claims are dismissed with leave to amend.

3          Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendants Waggoner

4    and Gutierrez in their official capacity on Fourteenth Amendment grounds is denied.  Defendants'

5    motion to dismiss Plaintiff's § 1983 claims against Defendants Waggoner and Gutierrez in their

6    official capacity on ADA Title I and Section 504 grounds is granted without leave to amend.

7                    **i.  11th Amendment Immunity for Defendants Waggoner and Gutierrez**

8          Defendants' motion argues that Count IV must be dismissed because Defendants

9    Waggoner and Gutierrez enjoy protection under the Eleventh Amendment against suit.  (ECF No.

10   9-1 at 8–9.)  In support of their argument, Defendants cite only to *Pennhurst State School &*

11   *Hospital v. Halderman*, 465 U.S. 89, 101 (1984), for the assertion that the Eleventh Amendment

12   bars actions against a state employee.  (ECF No. 9-1 at 9.)

13         While *Pennhurst* does stand for the general proposition that the Eleventh Amendment bars

14   actions against a state employee, the case also outlines "an important exception to this general

15   rule: a suit challenging the constitutionality of a state official's action is not one against the

16   State."  465 U.S. at 102.  Under this *Ex parte Young* exception, the Supreme Court has

17   determined that actions seeking injunctive relief may stand against state officials.  *Id.  See also*

18   *Doe v. Lawrence Livermore Nat. Lab*., 131 F.3d 836, 839 (9th Cir. 1997) ("However, there is one

19   exception to this general rule: When sued for prospective injunctive relief, a state official in his

20   official capacity is considered a "person" for § 1983 purposes. In what has become known as part

21   of the *Ex parte Young* doctrine, a suit for prospective injunctive relief provides a narrow, but

22   well-established, exception to Eleventh Amendment immunity") (internal citations omitted).

23   Thus, Defendants' motion to dismiss Plaintiff's claim under the Eleventh Amendment is denied.

24                       **ii.  Section 1983 Actions Under the ADA and Section 504**

25         Defendants' Motion to Dismiss asserts that Plaintiff cannot bring an action under § 1983

26   against a state official to vindicate rights created by the ADA and Section 504, thereby requiring

27   dismissal of these claims as to Defendants Waggoner and Gutierrez.  (ECF No. 9-1 at 9.)  The

28   Court agrees and dismisses Plaintiff's § 1983 claims without leave to amend.

                                                    9

1    There appear to be some inconsistencies in both parties' briefings on this issue. First,

2  Defendants cite to *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033 (9th Cir. 2006) and

3  *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) in support of their claims. (Defendants' Reply,

4  ECF No. 21 at 4.) Neither *Vinson* nor *Walsh* support the dismissal of these § 1983 claims with

5  respect to Title I of the ADA. In *Walsh*, the plaintiff brought a claim for damages against state

6  officials, arguing that the defendants were personally liable for monetary damages under Title I of

7  the ADA.[6] 471 F.3d at 1037–38. The plaintiff in *Walsh* did not bring a claim under § 1983 but

8  under the statutory framework of Title I itself. Such an action would be permissible had the

9  plaintiff sought injunctive relief, as recognized by the court. *Id.* at 1036 ("Sovereign immunity,

10 however, does not bar Title I suits against state officials for prospective injunctive and declaratory

11 relief.") (citing *Garrett*, 531 U.S. at 374). Instead, plaintiff sought monetary damages from

12 individuals under Title I of the ADA, an action specifically prohibited by the Supreme Court.

13 *Garrett*, 531 U.S. at 374). Thus, *Walsh* does not address the viability of a § 1983 claim based on

14 Title I of the ADA.

15    Defendants' reliance on *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) is also

16 inappropriate because the § 1983 claim in that case was brought under Title II of the ADA, rather

17 than Title I. In *Vinson*, the court found that the plaintiff could not bring a § 1983 claim to

18 vindicate rights created by Title II of the ADA. *Id.* at 1156. The court reasoned that Title II of

19 the ADA already encompassed a comprehensive remedial scheme, which effectively barred §

20 1983 actions. While the analysis in *Vinson* provides a helpful framework for analyzing other

21 ADA claims, Title II "has somewhat different remedial provisions from Title I" and therefore

22 cannot automatically be considered equivalent. *Garrett*, 531 U.S. at 360 n.1 (declining to

23 determine if Title II abrogates Eleventh Amendment state immunity).

24    Plaintiff's Opposition relies on the *Ex parte Young* doctrine, arguing that the doctrine

25 permits his claims under § 1983. (ECF No. 20 at 13–14.) While Plaintiff is correct that *Ex parte

26 Young* is available with respect to the ADA (*see, supra,* Section III.b), Plaintiff is mistaken in

27

28

---

[6] Although the *Walsh* decision does not explicitly state that plaintiff sought monetary damages, plaintiff's claim for injunctive relief was dismissed as insufficient and improperly preserved on appeal. Thus, the only claims at issue before the court on the question of individual liability was the recovery of monetary damages. *Id.* at 1035.

1    assuming that the *Ex parte Young* doctrine permits § 1983 claims in all circumstances.  As

2    indicated in *Vinson*, "a comprehensive remedial scheme for the enforcement of a statutory right

3    creates a presumption that Congress intended to foreclose resort to more general remedial

4    schemes to vindicate that right."  288 F.3d at 1155.

5            The Ninth Circuit has specifically foreclosed § 1983 actions under Title I of the ADA.

6    *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) ("By drafting a comprehensive remedial

7    scheme for employer's violations of ADA Title I, Congress manifested an intent to preclude §

8    1983 remedies.").  The decision relied on reasoning put forth in *Vinson* and determined that,

9    despite the Supreme Court's finding that Title I did not abrogate Eleventh Amendment immunity

10   while Title II did, Congress did provide a remedial scheme allowing for suit against state

11   officials.  *Id.* at 845–46.  Thus, a plaintiff must rely on the statutory framework of Title I rather

12   than § 1983.  *Id.*  The reasoning in *Okwu* has been adopted by several Federal District Courts,

13   including this Court in *Littleton v. Pac. Gas & Elec. Co.*, No. 2:12-CV-02236-TLN, 2013 WL

14   6633967 at *3 n.1 (E.D. Cal. Dec. 17, 2013).

15           The same reasoning that precludes a § 1983 claim under ADA Title I also prohibits a §

16   1983 claim under Section 504.  *See Vinson*, 288 F.3d at 1155–56; *Stewart v. California Dep't of*

17   *Educ.*, 493 F. App'x 889, 891 (9th Cir. 2012) ("[I]ndividuals cannot be sued in their individual

18   capacities under § 1983 for violations of [Section] 504 of the Rehabilitation Act.") *and Indep.*

19   *Living Ctr. of S. California v. City of Los Angeles, Cal.*, 973 F. Supp. 2d 1139, 1152 (C.D. Cal.

20   2013) ("The comprehensiveness of the remedial schemes of Title II and Section 504 also

21   forecloses remedies not contemplated by Congress.").  Because these statutes provide

22   independent remedies, Plaintiff's § 1983 claims under ADA Title I and Section 504 of the

23   Rehabilitation Act are dismissed without leave to amend.

24                   **e.   California Fair Employment and Housing Act (Count V)**

25           Plaintiff's complaint alleges that all Defendants violated the California Fair Employment

26   and Housing Act ("FEHA") by discriminating against Plaintiff on the basis of his disability.

27   (ECF No. 1 at ¶¶ 107–19.)  Defendants move to dismiss the claim under Federal Rule of Civil

28   Procedure 41(b) for Plaintiff's failure to comply with FRCP 8(a), requiring a short and plain

1    statement of the claim, and 10(b), requiring each claim to be founded on a separate transaction or

2    occurrence.  Specifically, Defendants allege that Plaintiff's complaint fails to specify the

3    provisions of the Act under which Plaintiff intends to bring suit and that the complaint also fails

4    to properly indicate to which Defendant those provisions apply.  Defendants' motion as to Count

5    V is denied.[7]

6         Defendants bring their motion to dismiss on Count V under FRCP 41(b).  "Dismissal

7    under Rule 41(b) is a 'sanction for disobedience' to be imposed only in extreme circumstances."

8    *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1063 (9th Cir. 2004).  This Court is required to

9    weigh the following five factors in considering a motion under 41(b): 1) the public's interest in

10   expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of

11   prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and

12   5) the availability of less drastic alternatives.  *Yourish v. California Amplifier*, 191 F.3d 983, 990

13   (9th Cir. 1999).  The Court finds under the fifth factor that a number of less drastic alternatives

14   exist, such as dismissal under 12(b)(6).  Therefore, Defendants' motion as to Count V is denied.

15        While this claim cannot be dismissed under 41(b), the Court is persuaded by Defendants'

16   argument that Plaintiff's complaint fails to adequately enumerate the specific causes of action he

17   brings under the FEHA and the factual allegations that support them.  FEHA presents distinct

18   causes of action within each section of the statute, each with independent elements that must be

19   supported.  *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1138 (E.D. Cal. 2010).  Plaintiff

20   is advised to address these issues in his amended complaint, as the Court would look favorably on

21   a future motion to dismiss under Rule 12(b)(6) against this claim as it currently stands.

22        **f.   Tort Claims (Counts VI–VIII)**

23        Plaintiff's complaint alleges Wrongful Termination (Count VI), Intentional Infliction of

24   Emotional Distress (Count VII), and Negligence (Count VIII) as common law causes of action

25   against each of the three defendants.  (ECF No. 1 at ¶¶ 120–36.)  Defendants seek to dismiss

26   these causes of action on four grounds: 1) Plaintiff fails to allege compliance with the

27

28

---

[7] Defendants' motion also argued that Plaintiff did not comply with the statute's exhaustion requirements.  (ECF No. 9-1 at 11–12.)  Plaintiff's Opposition later concedes that Plaintiff did exhaust his administrative remedies.  (ECF No. 21 at 8.)  For this reason, the Court will not address this argument.

1  Government Claims Act in his complaint; 2) all counts against Defendant Waggoner should be

2  dismissed; 3) Plaintiff's claims are time-barred under California Government Code § 945.6; and

3  4) Defendants are immune from suit in their official capacity.  (ECF No. 9-1 at 14–17.)

4      Pursuant to the requirements of the Government Claims Act, the Court dismisses with

5  leave to amend Counts VI–VIII as to Defendants DWR and Gutierrez, based on Plaintiff's failure

6  to allege compliance with the Government Claims Act in his complaint.  The Court also dismisses

7  without leave to amend Counts VI–VIII as to Defendant Waggoner based on Plaintiff's failure to

8  include Waggoner in his claim that was submitted to the state.  To provide clarity to both Parties,

9  the Court also reviews and denies Defendants' request to dismiss the claims as time-barred.[8]

10      i.  Compliance with the Government Claims Act

11      Defendants argue that Plaintiff fails to comply with the Government Claims Act because

12  his complaint does not assert that he met the requirements of the Act.  (ECF No. 9-1 at 14.)

13  Defendants cite to *State v. Superior Court (Bodde)*, "failure to allege facts demonstrating or

14  excusing compliance with the claim presentation requirement subjects a claim against a public

15  entity to a demurrer for failure to state a cause of action."  32 Cal.4th 1234, 1239 (2004).  The

16  Court agrees.

17      The California Government Claims Act instructs that no suit for money or damages may

18  be brought against a public entity until the claims have been presented for review and the state

19  issues notice rejecting those claims.  CAL. GOV'T. CODE § 900 et seq. (2003), *see also*, *Klein v.

20  City of Laguna Beach*, 533 F. App'x 772, 774 (9th Cir. 2013) (dismissing plaintiff's claims for

21  failure to comply with the California Government Claims Act).  "Compliance with the claims

22  statute is mandatory, and failure to file a claim is fatal to the cause of action."  *Pac. Tel. & Tel.

23  Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (Ct. App. 1980).  After a claim is rejected, an

24  individual has six months from the date the notice is deposited in the mail to file a court action.

25  CAL. GOV'T. CODE § 945.6.

26      Numerous federal and state courts within California have found that this "claim

27

---

28  [8] Because Counts VI–VIII are dismissed, the Court declines to rule on Defendants' fourth argument, the personal immunity of Defendants Waggoner and Gutierrez.

presentation requirement" constitutes an element of any cause of action arising under the Government Claims Act.  *See, e.g., Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1236 (2012) ("The court stated that the requirement is not merely procedural, but is a condition precedent to maintaining a cause of action and, thus, is an element of the plaintiff's cause of action."); *Ramos v. Marcisz*, No. 06-CV-2282-W(CAB), 2008 WL 257292, at *6 (S.D. Cal. Jan. 28, 2008).  Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action.  *Yearby v. California Dep't of Corr.*, No. 2:07-CV-02800, 2010 WL 2880180, at *4–5 (E.D. Cal. July 21, 2010).  Plaintiff's complaint makes no reference to this requirement and presents no facts to indicate that the requirement was met.  (ECF No. 1 at ¶¶ 120–36).  Thus, claims VI–VIII must be dismissed for failure to state a claim.  However, the Court grants Plaintiff leave to amend these causes of action.

### ii.   Claims Against Defendant Waggoner

Defendants move to dismiss Counts VI–VIII against Defendant Waggoner because Plaintiff fails to name Defendant Waggoner in his complaint to the VCGCB under the Government Claims Act.  (ECF No. 9-1 at 23.)  Plaintiff conceded this point in his Opposition.  (ECF No. 20 at 26.)  Under the Government Claims Act, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefor has been presented to the public entity and … has been rejected by the board."  CAL. GOV'T. CODE § 945.4.  Because Plaintiff did not name Defendant Waggoner in his claim to the VCGCB, Counts VI–VIII against Defendant Waggoner cannot stand and are dismissed without leave to amend.

### iii.   Compliance with Government Code § 945.6

Under California Government Code § 945.6, an individual has six months from the date the state mails written notice of the rejection of his claims to file suit.  Defendants seek dismissal of Claims VI–VIII on the grounds that the claims were not filed within this time period.  (ECF No. 9-1 at 15.)  In support of this request, Defendants ask the Court to take judicial notice of documents obtained from the Victim's Compensation and Government Claims Board ("VCGCB") related to Plaintiff's claim.  (ECF No. 9-2.)  The Court declines to take judicial

1   notice of these documents and denies Defendants' request to dismiss these claims as time-barred.

2   Defendants are correct that failure to file a claim within the statute of limitations provided

3   by the Government Claims Act is grounds for dismissal with prejudice. Gov't. Code § 945.6.

4   The statutory time period begins to run when the written notice of rejection is deposited in the

5   mail. CAL. GOV'T. CODE § 913. Courts have consistently found claims filed beyond the six-

6   month period to be time-barred, even when the plaintiff never received the written notice. *Dowell*

7   *v. Cnty. of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985) (A claimant who fails to receive a

8   written notice of the public entity's action on the claim within a reasonable time after the end of

9   the 45-day period for its consideration, should make inquiry to determine whether, and if so,

10   when, the notice was in fact served. *[T]he six-month rule applies if notice was served, even*

11   *though not actually received by the claimant.*) (emphasis in original) (internal citations omitted);

12   *Perryman v. Los Angeles Cnty. Metro. Transp. Auth.*, No. B168177, 2004 WL 1638105 (Cal. Ct.

13   App. July 23, 2004) ("[CAL. GOV'T. CODE § 945.6] makes clear that ... any notice, is deemed to

14   have been presented and received at the time of deposit in the mail…Thus, the Legislature made a

15   choice that any risk of a postal delivery problem falls on the recipient of the notice.") (internal

16   citations omitted).

17   Defendants offer multiple documents for judicial notice to demonstrate that the claims are

18   time-barred, but none clearly states the date the notice of rejection was deposited in the mail.

19   (ECF No. 9-2.) The Court may take judicial notice of matters of public record, including the

20   records and reports of administrative bodies, such as VCGCB. *Mack v. S. Bay Beer Distributors,*

21   *Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. &*

22   *Loan Ass'n v. Solimino,* 501 U.S. 104 (1991)). However, it exceeds the Court's power to take

23   judicial notice of the proffered documents in order to *infer* that the statute of limitations began to

24   run December 7, 2012. *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878–79 (N.D. Cal. 2013)

25   ("[A] court may take notice only of the authenticity and existence of a particular order or

26   pleading, not the veracity or validity of its contents."). The Court cannot take judicial notice of

27   these documents for this purpose and must deny Defendants' motion to dismiss, but grants leave

28   to Defendants to resubmit its argument with proper support if Plaintiff's future amended

1    complaint fails to adequately resolve the issue.  The burden remains with the Plaintiff to

2    demonstrate in any amended pleadings that these claims meet the requirements of the

3    Government Claims Act, including the statute of limitations.  *State v. Superior Court (Bodde)*, 32

4    Cal. 4th at 1239.

5                        g.  **Unruh Civil Rights Act (Count IX)**

6              Count IX of Plaintiff's complaint alleges Defendant DWR violated the Unruh Civil Rights

7    Act.  (ECF No. 1 at ¶¶ 113–142.)  Defendants argue that the claim should be dismissed because

8    the Unruh Civil Rights Act has no application to employment discrimination.  *Rojo v. Kliger*, 52

9    Cal. 3d 65, 77 (1990).  Plaintiff does not address this argument in his Opposition.  (ECF No. 20.)

10   Defendants are correct that the Unruh Civil Rights Act is not applicable to the facts of this suit.

11   Plaintiff's claim is dismissed without leave to amend.

12                        IV. **CONCLUSION**

13             For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN

14   PART Defendants' Motion to Dismiss Plaintiff's complaint.  (ECF No. 9.)  Defendants' motion is

15   GRANTED as follows:

16             1.  COUNT I is DISMISSED without leave to amend;

17             2.  COUNT II is DISMISSED without leave to amend;

18             3.  COUNT III is DISMISSED with leave to amend;

19             4.  COUNT IV (as it pertains to § 1983 claims under the ADA and Section 504 only)

20                   is DISMISSED without leave to amend;

21             5.  COUNTS VI–VIII are DISMISSED with leave to amend as to Defendants DWR

22                   and Gutierrez;

23             6.  COUNTS VI–VIII are DISMISSED without leave to amend as to Defendant

24                   Waggoner;

25             7.  COUNT IX is DISMISSED without leave to amend.

26             8.  Defendants' Motion to Dismiss is DENIED as to § 1983 claims under the

27                   Fourteenth Amendment under COUNT IV and as to COUNT V.

28

IT IS SO ORDERED.

Dated: September 30, 2014

Troy L. Nunley
United States District Judge