UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MOHSIN,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES, and DAVID GUTIERREZ,<br><br>        Defendants. | No. 2:13-cv-01236-TLN-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendants' California Department of Water Resources ("DWR") and David Gutierrez (collectively "Defendants") second motion to dismiss Plaintiff's amended complaint ("Amended Complaint"). (ECF No. 31.) Plaintiff Syed Mohsin ("Plaintiff") filed an opposition to Defendants' motion. (ECF No. 33.) Defendants also filed a reply. (ECF No. 34.) The Court has carefully considered the arguments raised in Defendants' motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

   **I.   Factual Background**

Plaintiff was employed as an Assistant Engineering Specialist by DWR from August 2000 to April 13, 2012. (Amended Complaint, ECF No. 30 at ¶ 8.) He was diagnosed with right temporal lobe epilepsy at the age of 10 and suffered from various types of seizures throughout his

life. (ECF No. 30 at ¶ 17.) Plaintiff alleges that at the time he was hired, his neurologist completed a medical form that served the basis for DWR to accommodate certain restrictions on Plaintiff's duty statement as required by his condition. (ECF No. 30 at ¶¶ 22–25.) Plaintiff states these accommodations remained in place until February 2002, when they were removed from his duty statement over his protest. (ECF No. 30 at ¶¶ 35–36.)

On August 5, 2002, Plaintiff had brain surgery that lessened the degree of his seizures, but negatively impacted his mental processing speed and the use of his executive functions. (ECF No. 30 at ¶¶ 38–39.) Plaintiff alleges that he attempted to receive accommodations for his condition following the surgery, but that Mr. Gutierrez "effectively refused" to provide those accommodations. (ECF No. 30 at ¶¶ 45–46.) The Amended Complaint states that DWR sought evaluations proposing accommodations for Plaintiff's condition from multiple doctors, including Plaintiff's own doctor. (ECF No. 30 at ¶¶ 47–50.) Ultimately, DWR issued a "Notice of Medical Action" pursuant to CAL. GOV'T CODE § 19991.10 on March 12, 2012. (ECF No. 30 at ¶ 61.)

Plaintiff states that his medical termination was preceded by ten years of harassment in an effort to force Plaintiff to resign. (ECF No. 30 at ¶ 56.) Plaintiff also alleges that he was rejected from approximately 20 other positions within DWR for which he applied and that those positions were filled by individuals with lesser qualifications. (ECF No. 30 at ¶¶ 65–67.)

## II. Procedural Background

On June 6, 2013, Plaintiff filed a Complaint against Defendants DWR, David Gutierrez, and Michael Waggoner, for violations of the Fourteenth Amendment of the U.S. Constitution, Section 1983 (42 U.S.C. § 1983); Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, et seq.); Section 504 of the Rehabilitation Act ("Section 504") (29 U.S.C. § 794); the California Fair Employment and Housing Act ("FEHA") (CAL. GOV'T CODE § 12900, et seq.); and for Intentional Infliction of Emotional Distress, Negligence, and Wrongful Termination. (ECF No. 1.) On August 20, 2013, Defendants filed a Motion to Dismiss. (ECF No. 9.)

On October 1, 2014, this Court issued an order granting and denying in parts Defendants' Motion to Dismiss. (ECF No. 26.) Plaintiff was granted leave to amend and filed an Amended Complaint on December 16, 2014. (ECF No. 30.)

2

In the Amended Complaint, Plaintiff brings five causes of action against Defendants DWR and Gutierrez, alleging the following violations: violation of the ADA (42 U.S.C. § 12101, et seq.); violation of Section 504 (29 U.S.C. § 794); violation of Section 1983 under the Fourteen Amendment; violation of the FEHA (CAL. GOV'T CODE § 12940, et seq.); and Wrongful Termination.  (ECF No. 30.)  Also, in his Amended Complaint, Plaintiff removes Defendant Waggoner entirely.  (ECF No. 30.)  On December 12, 2014, Defendants filed a Motion to Dismiss the Amended Complaint.  (ECF No. 31.)

### III. Standard of Law

#### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

1  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

2  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

3  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

6  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

7  been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

8  459 U.S. 519, 526 (1983).

9        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

10 facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

11 *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across

12 the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While

13 the plausibility requirement is not akin to a probability requirement, it demands more than "a

14 sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a

15 context-specific task that requires the reviewing court to draw on its judicial experience and

16 common sense." *Id.* at 679.

17       In ruling upon a motion to dismiss, the court may consider only the complaint, any

18 exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

19 Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

20 *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

21 1998).

22       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

23 amend even if no request to amend the pleading was made, unless it determines that the pleading

24 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

25 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));

26 *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

27 denying leave to amend when amendment would be futile).  Although a district court should

28 freely give leave to amend when justice so requires under Federal Rule of Civil Procedure

15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### B. Granting Leave to Amend

Federal Rule of Civil Procedure 15(a) "declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (internal citation omitted). In the absence of (1) undue delay, (2) bad faith or dilatory motive, (3) futility of amendment, and (4) prejudice to the opposing party, leave to amend should be granted freely. *Id.* However, each factor is not given equal weight. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (finding that where prejudice or bad faith is present, denial of leave to amend a pleading protects the judicial system and other litigants). Furthermore, repeated failure to cure deficiencies by amendments previously allowed is a reason to deny leave to amend. *Foman*, 371 U.S. at 182. The policy of granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Granting or denying leave to amend is within the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). In using its discretion, the district court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Webb*, 655 F.2d at 979.

## IV. Analysis

### A. Count I: Violation of the ADA by Defendant Gutierrez

Plaintiff initially brought his ADA claim against Defendant DWR. (ECF No. 1 at ¶¶ 76–91.) This Court dismissed Plaintiff's claim based on the state's immunity from suit. (ECF No. 26 at 7.) In so ruling, this Court noted that a claim against the state under Title I of the ADA is permissible only when the plaintiff brings suit against state officials for prospective injunctive and declaratory relief. (ECF No. 26 at 6.)

Plaintiff alleges in his Amended Complaint that Defendant Gutierrez, in his official capacity within the meaning of the ADA, has treated Plaintiff less favorably than other DWR

5

employees because of Plaintiff's disability. (ECF No. 30 at ¶ 71.) Plaintiff claims he was not provided with the accommodations necessary for his disability. (ECF No. 30 at ¶ 75.) Plaintiff also alleges that Gutierrez retaliated against him when Plaintiff was not hired for a position he was otherwise qualified for because of his request for accommodations. (ECF No. 30 at ¶ 85.) Plaintiff, at the conclusion of his Amended Complaint, makes a variety of prayers for relief, but does not specify what damages are attributable to which claim. (Prayer for Relief, ECF No. 30 at ¶¶ 1–11.)

Defendant moves to dismiss Plaintiff's claim on three grounds: (1) the injunctive relief requested is improper; (2) Plaintiff does not have standing to sue; and (3) Plaintiff has other adequate monetary remedies by suing under the Civil Service Act. (Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 31-1 at 10–13.)

            *i.   Prospective Injunctive Relief*

A claim against the state under Title I of the ADA is permissible only when the plaintiff brings suit against state officials for prospective injunctive and declaratory relief—the *Ex parte Young* doctrine. *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006). "[U]nder the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief." *Douglas*, 271 F.3d at 817–18 (internal citations omitted). Title I of the ADA itself authorizes private injunctive suits against state officials. 42 U.S.C. §§ 2000e(n), 2000e–5(f)–(g). An *Ex parte Young* suit is available where a plaintiff alleges ongoing violation of federal law, and where the relief sought is prospective rather than retrospective. *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1047 (9th Cir. 2000).

Defendant Gutierrez argues that Plaintiff's claim is impermissible under the *Ex parte Young* doctrine because Plaintiff seeks retrospective relief. (ECF No. 31-1 at 10.) The Court agrees that, to the extent Plaintiff requests retrospective relief under his ADA claim, his request for relief is improper. However, Plaintiff clearly states in his Prayer for Relief that he requests prospective injunctive relief. (Prayer for Relief, ECF No. 30 at ¶¶ 2–4.) If successful in this case, Plaintiff requests that he be offered the position of Engineer Water Resource with an opportunity

for promotion and no pay cut, that all DWR staff be trained for reasonable accommodations and requirements of the interactive process and first aid for individuals with epilepsy, and that Defendant Gutierrez engage in a meaningful interactive process to develop reasonable accommodations that Plaintiff needs to perform his job. (Prayer for Relief, ECF No. 30 at ¶¶ 2–4.) Plaintiff also alleges other damages for retrospective relief in his Prayer for Relief (Prayer for Relief, ECF No. 30 at ¶¶ 5–11); however the Court assumes these damages to be attributed to Plaintiff's other causes of action. Defendant Gutierrez's retrospective relief argument improperly rests on the belief that if the discrimination occurred in the past, then the relief also relates to the past. Defendant Gutierrez's argument is misplaced. Plaintiff requests reinstatement and accommodations for his disability when he continues to work at DWR. Only to the extent that Plaintiff requests prospective injunctive relief under the ADA does Plaintiff properly bring his claims under the *Ex parte Young* Doctrine. Therefore, Defendants' motion to dismiss on these grounds is denied.

### ii. Plaintiff's Standing to Seek Prospective Injunctive Relief

Defendant argues that because Plaintiff is not currently employed with DWR, he has no standing to seek prospective injunctive relief. (ECF No. 31-1 at 11.) "To have standing to bring a claim for relief, a plaintiff must show that he has: (1) suffered an injury that (2) was caused by the defendant and (3) is likely to be redressed by the relief he seeks." *Walsh v. Nevada Dept. of Human Resources*, 471 F. 3d 1033, 1036–37 (9th Cir. 2006), (*following Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1057* (9th Cir. 2004)). Plaintiff meets these requirements. He alleges the injury he suffered was being unemployed after losing his job and he continues to suffer by not having a job. (ECF No. 30 at ¶ 61). Plaintiff further alleges his injury was caused by Defendant Gutierrez. (ECF No. 30 at ¶ 61). Plaintiff now requests the position of Engineer Water Resource as part of his prospective injunctive relief. (Prayer for Relief, ECF No. 30 at ¶¶ 2–4.) Based on the foregoing, the Court finds Plaintiff does have standing to seek prospective injunctive relief and Defendants' motion to dismiss this claim is denied.

//

//

*iii. Adequate Alternative Remedies*

Defendant asserts that because Plaintiff alleged that he was terminated in violation of the law, monetary damages under the Civil Service Act are an adequate remedy, and Plaintiff's claim for equitable relief under Title I of the ADA should be dismissed. (ECF No. 31-1 at 12.) Plaintiff argues in his opposition that Title I of the ADA allows him to bring an action alleging prospective injunctive relief under the *Ex parte Young* doctrine. (ECF No. 33 at 7–8.) Plaintiff is correct that he has brought a proper claim.[1] Therefore, the Court need not assess whether Plaintiff should have brought a claim under the Civil Service Act. The Court finds no legal basis, and Defendants offer none, to find that Plaintiff must bring a claim under the Civil Service Act rather than under Title I of the ADA. Therefore, Defendants' motion to dismiss as to Count I is denied.

B. Count II: Violations of Section 504 by Defendant DWR

Plaintiff originally brought a claim under Section 504 against Defendant DWR. The Court dismissed Plaintiff's claim for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) with leave to amend. (ECF No. 26 at 8.) Plaintiff failed to plead facts that would allow the Court to draw the reasonable inference that the Defendant DWR is liable for the misconduct alleged. (ECF No. 26 at 8.) Plaintiff resubmitted this claim in his Amended Complaint as Count II. (ECF No. 30 at ¶¶ 87–90.) Defendant DWR renews its objection alleging that Plaintiff's Amended Complaint fails to state a claim under Section 504. (ECF No. 31-1 at 14.)

Defendants' motion to dismiss is with respect to three separate claims Plaintiff alleges under Section 504. Plaintiff alleges that by medically terminating him, DWR: (1) failed to provide Plaintiff with reasonable accommodation of a job coach; (2) refused to engage in the interactive process; and (3) retaliated against him and subsequently did not hire him for other positions. (ECF No. 30 at ¶¶ 87–90.)

Plaintiff's Amended Complaint includes more factual support for his allegations. (ECF No. 30 at ¶¶ 87–90.) Specifically, Plaintiff attaches two additional documents, Exhibit A (ECF No. 30-1) and Exhibit B (ECF No. 30-2), to his Amended Complaint. Exhibit A is a declaration

---

[1] Plaintiff has filed with the Equal Opportunity Commission (EEOC) and received a right-to-sue letter, and has therefore, exhausted his administrative remedies. (ECF No. 33 at 8.)

in support of the Amended Complaint made by Plaintiff and the attachment to Exhibit A is a spreadsheet of jobs he applied to after his termination. (ECF No. 30-1.) Exhibit B is a declaration in support of the Amended Complaint made by Plaintiff's professor, Hubert Morel-Sextoux, PH.D. (ECF No. 30-2.) The Court typically does not take into consideration documents that are not part of the complaint.[2] Exhibits A and B are not the type of documents that may be considered in a motion to dismiss. However, the Court notes that Plaintiff's aforementioned Exhibit A is a declaration which contains factual allegations that Plaintiff included in his Amended Complaint. Because Plaintiff's declaration in Exhibit A is similar to a pleading of facts in support of his claims, the Court will consider Plaintiff's declaration in Exhibit A in its determination. However, Exhibit B, the witness declaration, and the attachment to Exhibit A, the spreadsheet, are facts that are not alleged by Plaintiff, rather, they are evidentiary exhibits in support of Plaintiff's allegations. (ECF No. 30-1 attachment at 5; ECF No. 30-2.) Because these are both evidentiary attachments, they may not be considered. Therefore, the Court will not consider the attachment to Exhibit A or Exhibit B.

> i. *Retaliation Against Plaintiff and Failure to Hire Him for Other Positions*

For the sake of clarity, the Court first addresses Plaintiff's claim that he was retaliated against and subsequently not hired for other positions. In order to bring a prima facie claim for termination or failure to hire under Section 504, Plaintiff must show he is: (1) a handicapped person under the Act; (2) otherwise qualified for the position sought; (3) being excluded from the position solely by reason of that handicap; and (4) seeking a position that exists as part of a program or activity receiving federal financial assistance. *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990).

Defendants argue that Plaintiff has failed to plead sufficient facts to meet the second, third, and fourth elements of this claim. (ECF No. 31-1 at 14.) A plaintiff need not allege

---

[2] A court may consider documents external to the pleadings in a motion to dismiss under the incorporation by reference doctrine where the contents of the documents are alleged in the complaint and neither party questions the authenticity of the documents. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The types of instruments that qualify for incorporation under Federal Rule of Civil Procedure 10(c) are written instruments that are documentary evidence. *Montgomery v. Buege*, No. CIV. 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. April 16, 2009). Witness affidavits and other exhibits containing evidentiary material do not fall within Rule 10(c). *Id.*

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. Federal Rule of Civil Procedure 8(a) does not require detailed factual allegations, but demands more than an accusation that the defendant unlawfully harmed plaintiff. *Iqbal*, 556 U.S. at 678.

The parties appear to agree that Plaintiff qualifies as a handicapped person under the Act. The Court finds that Plaintiff alleges sufficient facts to support the second element—that he was otherwise qualified for the position he sought. In Plaintiff's Amended Complaint, he references Exhibit A, which alleges his qualifications for the positions to which he applied. (ECF No 30-1 at ¶¶ 2–7, ¶¶ 9–11.) Plaintiff had over eleven years' experience working for DWR, received review scores of 95%, and ranked second for the positions he sought. (ECF No. 30-1 at ¶¶ 3–7.) Plaintiff also compares himself to other applicants, alleging that he had more experience than the less qualified individuals who were hired. (ECF No. 30-1 at ¶¶ 10–11.) Because these factual allegations are accepted as true, *Cruz*, 405 U.S. at 322, it can be assumed that Plaintiff was qualified for the positions he sought. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff alleged sufficient facts to meet the second element for proving a prima facie case of failure to hire under Section 504.

The Court further finds that Plaintiff meets the pleading requirements for the third element—that Plaintiff was excluded from those positions because of his handicap. Plaintiff's Amended Complaint argues he was not given the position to which he applied because of his disability. (ECF No. 30-1 at ¶¶ 2-7; ¶¶ 12-14.) After Plaintiff's medical termination he applied to eight positions for Engineer Water Resources with DWR. (ECF No. 30-1 at ¶ 12.) Plaintiff was never called for an interview and discovered that his previous supervisor was the hiring supervisor for the position. (ECF No. 30-1 at ¶ 13.) Furthermore, the individual selected for the position was less qualified for the position because she was previously a student intern when Plaintiff worked at DWR. (ECF No. 30-1 at ¶ 13.) Therefore, Plaintiff had more experience and had a longer work history than the candidate chosen for the position. (ECF No. 30-1 at ¶¶ 12–14.) Based on these facts, the Court can reasonably infer that there were no other reasons to not hire Plaintiff other than his disability. Therefore, Plaintiff has alleged sufficient facts to meet the

third element.

Finally, Defendants argue that Plaintiff did not establish that the specific position he applied to was part of a program that received federal financial assistance, as required by the fourth element of his claim. (ECF No. 31-1 at 15.) However, Plaintiff alleges that DWR receives federal financial assistance. (ECF No. 30 at ¶ 9.) From this fact, it can be reasonably inferred that, if the company receives federal aid, its programs would obtain some benefit from that aid. *Schermerhorn*, 373 U.S. at 753 n.6. Plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. Consequently, Plaintiff pleaded sufficient facts to show DWR received federal financial assistance.

*ii. Remaining Claims under Section 504*

Because Defendants' motion to dismiss conflates the arguments with respect to the first and second claims under Count II, the Court will address both together. Defendants allege that Plaintiff provides no specific factual support that DWR refused to engage in the interactive process or refused to provide reasonable accommodation, such as by providing a job coach. (ECF No. 31-1 at 15.) However, the Court finds that Plaintiff has met the applicable pleading standard under Rule 12(b)(6).

Plaintiff does not need to allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. Plaintiff alleges that DWR refused to provide Plaintiff with reasonable accommodations and terminated him when he requested accommodations. (ECF No. 30 at ¶ 89.) Specifically, Plaintiff alleges that he was diagnosed with epilepsy and provided a list of employment restrictions by his doctor. (ECF No. 30 at ¶¶ 22–23.) Plaintiff states that DWR was made aware of Plaintiff's medical condition and employment restrictions and initially agreed upon accommodations, but that Plaintiff was subsequently forced to sign a revised duty statement that required him to perform work that was not permitted by his employment restrictions. (ECF No. 30 at ¶¶ 23, 32–35, 42.) Furthermore, Plaintiff alleges that Defendant DWR rejected, without discussion, the Department of Rehabilitation's offer of a job coach for Plaintiff as reasonable accommodations to assist him.

(ECF No. 30 at ¶ 89.)  From these facts, the Court can draw a reasonable inference that DWR refused to engage in the interactive process and failed to provide reasonable accommodation to which they originally agreed.  Therefore, Defendants' motion to dismiss is denied with respect to Count II.

### C.  Count III: Section 1983 Claims Against Defendant Gutierrez

In Plaintiff's initial complaint, he brought a § 1983 claim against Defendant Gutierrez based on the Fourteenth Amendment.  (ECF No. 1 at ¶¶ 98–106.)  The Court held that, to the extent this claim was brought against Defendant Gutierrez in his individual capacity, it was dismissed without leave to amend, but further stated that Plaintiff was permitted to bring a § 1983 claim against Defendant Gutierrez in his official capacity on Fourteenth Amendment grounds.  (ECF No. 26 at 8.)  Plaintiff, in his Amended Complaint, brings his § 1983 claim against Defendant Gutierrez, acting in his official capacity, for the denial of equal protection and due process rights under the Fourteenth Amendment.  (ECF No. 30 at ¶¶ 92–93.)

Defendants in their second Motion to Dismiss argue that Defendant Gutierrez is immune from Plaintiff's § 1983 claim, while using the same arguments from Count I.  Defendants allege as follows: (1) Plaintiff does not request prospective relief; and (2) Plaintiff has adequate remedies at law.  (ECF No. 31-1 at 16.)

The United States Supreme Court has carved out "an important exception to this general rule [of Eleventh Amendment immunity]: a suit challenging the constitutionality of a state official's action is not one against the State."  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 102.  Under the *Ex parte Young* exception, the Supreme Court has determined that actions seeking injunctive relief may stand against state officials.  *Id*.  *See also Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("However, there is one exception to this general rule: When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes. In what has become known as part of the *Ex parte Young* doctrine, a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity") (internal citations omitted).  Similar to the Court's rationale as to Count I, Plaintiff properly requested prospective injunctive relief for this claim and

does not need to exhaust other remedies before bringing this claim.  Therefore, Defendants' Motion to Dismiss Count III is denied.

### D. Count IV: Violations of FEHA by all Defendants

Plaintiff originally alleged a number of causes of action under FEHA against all Defendants. (ECF No. 1 at ¶¶ 107–19.)  The Court did not dismiss those claims, but advised Plaintiff to amend the issues under this claim and indicated that the Court would look favorably on a future motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) as they were written. (ECF No. 26 at 12.)  In Plaintiff's Amended Complaint, he again brings his FEHA claims, this time including slightly more facts. (ECF No. 30 at ¶¶ 100–11.)  Defendants again move to dismiss Plaintiff's FEHA claims alleging that: (1) Plaintiff has not alleged sufficient facts for its claims; and (2) Defendant Gutierrez cannot be sued individually for discrimination under FEHA. (ECF No. 31-1 at 16–17.)

Plaintiff has already been told by the Court to address his factual insufficiencies in his Amended Complaint as to the instant claim, and has failed to adequately do so.  Plaintiff appears to include a myriad of claims under FEHA, but does not bother to specifically enumerate them, leaving the Court and Defendants to infer the specific statutes under FEHA on which Plaintiff relies for each argument.  Moreover, Plaintiff fails to indicate not only which claims he is bringing, but also which Defendant he brings the claim against and why.

First, Plaintiff must clearly set forth the causes of actions he wishes to include and under what sub-section of FEHA he brings those claims.  Second, Plaintiff must also clearly indicate against which Defendants he wishes to bring each claim.  Finally, Plaintiff must allege sufficient facts to withstand a motion to dismiss.  Plaintiff was strongly advised by this Court that failing to adequately enumerate the specific causes of action he brings under FEHA and the factual allegations that support them would result in the Court granting a motion to dismiss.  The Court will grant Plaintiff one final opportunity to amend his claims under FEHA.  For these reasons, Defendants' Motion to Dismiss Plaintiff's FEHA claims is granted with leave to amend.

//

//

E. <u>Count V: Wrongful Termination</u>

Plaintiff originally alleged a common law tort claim of wrongful termination against all Defendants. (ECF No. 1 at ¶¶ 120-24.) The Court dismissed his claim because Plaintiff failed to comply with the California Government Claims Act ("CGCA") by not asserting he met the requirements of the Act. (ECF No. 26 at 13.) Furthermore, Plaintiff did not indicate he complied with California Government Code § 945.6. (ECF No. 26 at 13.) Plaintiff was granted leave to amend, in order to indicate he complied with the CGCA and Government Code § 945.6.

*i. Compliance with the CGCA*

The CGCA instructs that no suit for money or damages may be brought against a public entity until the claims have been presented for review and the state issues notice rejecting those claims. CAL. GOV'T CODE § 900 et seq. (2003), *see also*, *Klein v. City of Laguna Beach*, 533 F. App'x 772, 774 (9th Cir. 2013) (dismissing plaintiff's claims for failure to comply with the California Government Claims Act). "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action." *Pac. Tel. & Tel. Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (Ct. App. 1980). After a claim is rejected, an individual has six months from the date the notice is deposited in the mail to file a court action. CAL. GOV'T CODE § 945.6.

Numerous federal and state courts within California have found that this "claim presentation requirement" constitutes an element of any cause of action arising under the CGCA. *See, e.g., Perez v. Golden Empire Transit Dist.*, 209 Cal. App. 4th 1228, 1236 (2012) ("The court stated that the requirement is not merely procedural, but is a condition precedent to maintaining a cause of action and, thus, is an element of the plaintiff's cause of action."); *Ramos v. Marcisz*, No. 06-CV-2282-W(CAB), 2008 WL 257292, at *6 (S.D. Cal. Jan. 28, 2008). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. *Yearby v. California Dep't of Corr.*, No. 2:07-CV-02800–JAM KJN P, 2010 WL 2880180, at *4 (E.D. Cal. July 21, 2010). Because the parties are at the pleading stage, Plaintiff is only required to affirmatively allege compliance with CGCA. *Mock v. California Dept. of Corrections and Rehabilitation*, No. 15-CV-1104-MJS, 2015 WL 5604394, at *6 (E.D. Cal. Sept. 23, 2015).

Plaintiff's Amended Complaint makes no reference to this requirement and presents no facts to indicate that the requirement was met. Within the entire Amended Complaint there is no affirmative allegation that Plaintiff complied with the CGCA. Plaintiff has not shown that filing a claim with the EEOC supplants the need to file with the CGCA, and the Court is not aware that such a rule exists. The Court previously dismissed Plaintiff's wrongful termination claim for failure to state a claim and granted Plaintiff leave to amend. However, Plaintiff, again, did not allege any additional facts relating to his compliance with CGCA. This repeat failure requires dismissal of the claim.

*ii. Compliance with Government Code § 945.6*

In addition to Plaintiff's failure to plead the CGCA requirement, Plaintiff also does not demonstrate in his pleadings that he is exempt from the statute of limitations imposed by California Government Code § 945.6.

Under California Government Code § 945.6, an individual has six months from the date the state mails written notice of the rejection of his claims to file suit. Defendants' in their initial Motion to Dismiss asked the Court to take judicial notice of documents obtained from the Victim's Compensation and Government Claims Board ("VCGCB") related to Plaintiff's claim. (ECF No. 9-2.) The Court declined to take judicial notice of these documents and denied Defendants' request to dismiss these claims as time-barred. (ECF No. 26 at 15.)

Defendants are correct that failure to file a claim within the statute of limitations provided by the CGCA is grounds for dismissal with prejudice. Gov't. Code § 945.6. The statutory time period begins to run when the written notice of rejection is deposited in the mail. CAL. GOV'T CODE §§ 913, 945.6. Courts have consistently found claims filed beyond the six-month period to be time-barred, even when the plaintiff never received the written notice. *Dowell v. Cnty. of Contra Costa*, 173 Cal. App. 3d 896, 901 (1985) (A claimant who fails to receive a written notice of the public entity's action on the claim within a reasonable time after the end of the 45-day period for its consideration, should make inquiry to determine whether, and if so, when, the notice was in fact served. [T]he six-month rule applies if notice was served, even though not actually received by the claimant.) (emphasis in original) (internal citations omitted); *Perryman v. Los*

*Angeles Cnty. Metro. Transp. Auth.*, No. B168177, 2004 WL 1638105 (Cal. Ct. App. July 23, 2004) ("[CAL. GOV'T CODE § 945.6] makes clear that ... any notice, is deemed to have been presented and received at the time of deposit in the mail…Thus, the Legislature made a choice that any risk of a postal delivery problem falls on the recipient of the notice.") (internal citations omitted).

In their Motion to Dismiss, Defendants offered multiple documents for judicial notice to demonstrate that the claims are time-barred, but none clearly state the date the notice of rejection was deposited in the mail.  (Req. for Judicial Notice in Supp. of Mot. to Dismiss, ECF No. 9-2.)  The Court declined to take judicial notice of these documents, but instructed Plaintiff to provide facts to correct this deficiency.  (ECF No. 26 at 15.)  Because Plaintiff failed to correct this issue, the Court now assumes there are no facts supporting Plaintiff's ability to bring this claim.  The burden remains with the Plaintiff to demonstrate in his Amended Complaint that his claim meets the requirements of the CGCA, including the statute of limitations.  Because Plaintiff failed to prove he complied with the CGCA, the Court dismisses Plaintiff's Count V wrongful termination claim with leave to amend.

### V.     Conclusion

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.  (ECF No. 31.)  The Court orders as follow:

1. Defendants' Motion to Dismiss Count I is DENIED.
2. Defendants' Motion to Dismiss Count II is DENIED.
3. Defendants' Motion to Dismiss Count III is DENIED.
4. Defendants' Motion to Dismiss Count IV is GRANTED WITH LEAVE TO AMEND.
5. Defendants' Motion to Dismiss Count V GRANTED WITH LEAVE TO AMEND.

The Court shall allow Plaintiff to file a second Amended Complaint with respect to Counts IV and V only.  Should Plaintiff elect to do so, the amended complaint must be filed with this Court within twenty-one (21) days from the entry of this Order.

16

1  Dated:  November 17, 2015

4  Troy L. Nunley
United States District Judge