UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MOHSIN,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>WATER RESOURCES and DAVID<br>GUTIERREZ,<br><br>            Defendants. | No. 2:13-cv-01236-TLN-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendants California Department of Water Resources ("DWR") and David Gutierrez's (collectively "Defendants") motion to dismiss Plaintiff's second amended complaint ("SAC"). (ECF No. 38.) Plaintiff Syed Mohsin ("Plaintiff") filed an opposition to Defendants' motion. (ECF No. 40.) Defendants also filed a reply. (ECF No. 41.) The Court has carefully considered the arguments raised in Defendants' motion and reply, as well as Plaintiff's opposition. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

I.     **FACTUAL BACKGROUND**

Plaintiff was employed as an Assistant Engineering Specialist by DWR from August 2000 to April 13, 2012. (ECF No. 38 at ¶ 8.) He was diagnosed with right temporal lobe epilepsy at the age of ten and suffered from various types of seizures throughout his life. (ECF No. 38 at ¶

1

17.) Plaintiff alleges that at the time he was hired, his neurologist completed a medical form that served the basis for DWR to accommodate certain restrictions on Plaintiff's duty statement as required by his condition. (ECF No. 38 at ¶¶ 22–25.) Plaintiff states these accommodations remained in place until February 2002, when he alleges they were removed from his duty statement over his protest. (ECF No. 38 at ¶¶ 35–36.)

On August 5, 2002, Plaintiff had brain surgery that lessened the degree of his seizures, but negatively impacted his mental processing speed and the use of his executive functions. (ECF No. 38 at ¶¶ 38–39.) Plaintiff alleges that he attempted to receive accommodations for his condition following the surgery, but that Mr. Gutierrez "effectively refused" to provide those accommodations. (ECF No. 38 at ¶¶ 45–46.) The SAC states that DWR sought evaluations proposing accommodations for Plaintiff's condition from multiple doctors, including Plaintiff's own doctor. (ECF No. 38 at ¶¶ 47–50.) Ultimately, DWR issued a "Notice of Medical Action" pursuant to California Government Code ("Cal. Gov't Code") Section 19991.10 on March 12, 2012. (ECF No. 38 at ¶ 61.)

Plaintiff states that his medical termination was preceded by ten years of harassment in an effort to force Plaintiff to resign. (ECF No. 38 at ¶ 56.) Plaintiff also alleges that he was rejected from approximately 20 other positions within DWR for which he applied and that those positions were filled by individuals with lesser qualifications. (ECF No. 38 at ¶¶ 65–67.) Plaintiff states that he has taken multiple tests for engineering positions and demonstrated that he is capable of performing the essential functions of each position. (ECF No. 38 at ¶ 66.) However, Plaintiff alleges Defendants refused to offer him a position in retaliation for Plaintiff's complaints that Defendants violated laws in their treatment of Plaintiff's disability. (ECF No. 38 at ¶ 65.)

**II.   PROCEDURAL BACKGROUND**

On June 6, 2013, Plaintiff filed a complaint against Defendants DWR, David Gutierrez, and Michael Waggoner[1], alleging violations of the Fourteenth Amendment of the U.S. Constitution, Section 1983 (42 U.S.C. § 1983); Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, et seq.); Section 504 of the Rehabilitation Act ("Section 504") (29 U.S.C. § 794);

---

[1] Plaintiff removed Defendant Waggoner entirely as a party in this case in his FAC. (ECF No. 30.)

the California Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12900, et seq.); and Intentional Infliction of Emotional Distress, Negligence, and Wrongful Termination.  (ECF No. 1.)  On August 20, 2013, Defendants filed a motion to dismiss.  (ECF No. 9.)

On October 1, 2014, the Court issued an order granting in part and denying in part Defendants' motion to dismiss.  (ECF No. 26.)  Plaintiff was granted leave to amend on multiple causes of action and filed his FAC on December 16, 2014.  (ECF No. 30.)  On December 29, 2014, Defendants filed a second motion to dismiss.  (ECF No. 31.)  The Court issued an order granting in part and denying in part Defendants' motion to dismiss.  (ECF No. 37.)  Plaintiff was again granted leave to amend only Count IV (Violations of the FEHA), and filed his SAC on December 9, 2015.  (ECF No. 38.)

Currently, under his SAC, Plaintiff brings three of the claims that survived Defendants' second motion to dismiss: Count I (Violation of the ADA), Count II (Violations of Section 504), and Count III (Violations of Section 1983).  (ECF No. 38.)  Additionally, Plaintiff's SAC attempts to remedy the insufficiency of Count IV (Violations of the FEHA) and separates the single claim into three causes of action against Defendants DWR and Gutierrez, for violations of: Count IV-A (discrimination under FEHA) (Cal. Gov't Code § 12940(a)); Count IV-B (retaliation under FEHA)  (Cal. Gov't Code § 12940(h)); and Count IV-C (harassment under FEHA) (Cal. Gov't Code § 12940(j)).  (ECF No. 38.)  Finally, Plaintiff reasserts the previously dismissed Count V (Wrongful Discharge).  (ECF No. 38.)  On December 17, 2015, Defendants filed a third motion to dismiss ("Motion to Dismiss").  (ECF No. 39.)

### III. STANDARD OF LAW

#### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

3

disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679.

### B. Granting Leave to Amend

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Federal Rule of Civil Procedure 15(a) "declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted).

"[T]he court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)). Repeated failure to cure deficiencies by amendment previously allowed is a reason to deny leave to amend. *Foman*, 371 U.S. at 182. Granting or denying leave to amend is within the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

### IV. ANALYSIS

#### A. Count IV-A: Discrimination in Violation of FEHA by Defendant DWR

In its Order dismissing Plaintiff's FAC, the Court dismissed Plaintiff's FEHA claim with leave to amend, holding that Plaintiff did not allege sufficient facts to support his claim and did not specify under which subset of FEHA he intended to bring his cause of action. (ECF No. 37 at 13.) Plaintiff was instructed that, if he intended to bring multiple claims under FEHA, he must individually identify each claim within his complaint. (ECF No. 37 at 13.) Thus, Plaintiff has divided his previous single Count IV into three separate counts: Count IV-A; Count IV-B; and Count IV-C. (ECF No. 38 at ¶¶ 100–5.) Despite this effort, Plaintiff's Count IV-A appears to bring multiple causes of action under Cal. Gov't Code Section 12940(a), (m), and (n). (ECF No. 38 at ¶¶ 100–5.)

Although Plaintiff did not individually label these three unique claims, a court is bound to give a plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). Therefore, the Court has discerned that Plaintiff intended to bring three individual claims and finds that Plaintiff has alleged sufficient facts to bring the following claims: (1) Discrimination (Cal. Gov't Code § 12940(a)); (2) Failure to make reasonable accommodations (Cal. Gov't Code § 12940(m)); and (3) Failure to engage in the interactive process (Cal. Gov't Code § 12940(n)).

                *i.*        *Cal. Gov't Code Section 12940(a): Discrimination*

The Court interprets Plaintiff's first claim to arise under FEHA in Cal. Gov't Code Section 12940(a) which provides, in relevant part, that "[i]t shall be an unlawful employment practice … : [¶] (a) For an employer, because of the ... physical disability [or] medical condition ... of any person, to refuse to hire or employ the person ... or to bar or to discharge the person from employment ...." *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1246 (2008) (citing Cal. Gov't Code § 12940(a) (West 2016)). In order to bring a prima facie claim for discrimination under FEHA, Plaintiff must show he "(1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515 KJM DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 2015) (citing *Wills v. Superior Court*, 195 Cal. App. 4th 143, 159 (2011)).

Defendants argue that Plaintiff's SAC only states conclusory allegations and fails to state facts supporting his Section 12940(a) cause of action. (ECF No. 39-1 at 6.) The Court disagrees and finds that Plaintiff alleges sufficient facts to support the elements of his prima facie case of discrimination.

Plaintiff alleges he suffered from right temporal lobe epilepsy and that he entered into his job for Defendants with a disability, thus satisfying the requirement that he allege a disability. (ECF No. 38 at ¶ 17, ¶¶ 20–24.) He also alleges that he was otherwise qualified to perform the

1  essential functions of the job with reasonable accommodations because the accommodations he
2  was given had "minimal impact on his job … eliminating only the job duty that occasionally
3  required [him] to conduct some field inspections." (ECF No. 38 at ¶ 26.)  Additionally, Plaintiff
4  asserts that all three evaluations of him within his first six months determined he "could perform
5  the essential functions of the position." (ECF No. 38 at ¶ 31.)  Therefore, Plaintiff properly
6  alleged facts supporting the second element of his prima facie case.

7  The Court also finds that Plaintiff sufficiently alleges that he was subject to adverse
8  treatment because of his disability.  "[A]dverse treatment that is reasonably likely to impair a
9  reasonable employee's job performance or prospects for advancement or promotion falls within
10 the reach of the antidiscrimination provisions of [the FEHA]." *Horsford v. Bd. of Trustees of Cal.*
11 *State Univ.*, 132 Cal. App. 4th 359, 373 (2005).  Plaintiff states that DWR removed his
12 accommodations without consulting his treating physician, as well as held him to the same
13 standards of performance as engineers who received higher salaries and more benefits than he
14 had. (ECF No. 38 at ¶ 101 (b) & (c).)  He alleges that "DWR separated [him] from the
15 Department by way of a medical termination that it knew or should have known would result in
16 Plaintiff's being denied the opportunity to work for any California Agency or Department without
17 clearance from—consequently the approval of—Defendant DWR." (ECF No. 38 at ¶ 101 (d).)
18 Thus, Plaintiff alleged sufficient facts to satisfy the requirement that he allege adverse treatment
19 by Defendants.

20 Accordingly, the Court finds that Plaintiff adequately stated his specific cause of action
21 for discrimination in violation of the FEHA.  Additionally, Plaintiff has suitably supported his
22 claim with factual allegations.  For these reasons, Defendants' Motion to Dismiss Plaintiff's
23 FEHA discrimination claim is DENIED.

24           *ii.*     *Cal. Gov't Code Section 12940(m): Failure to Make Reasonable*
25                   *Accommodations*

26 The Court interprets Plaintiff's second claim under Count IV-A to arise under Cal. Gov't
27 Code Section 12940(m), which provides that "[i]t shall be an unlawful employment practice … :
28 [¶] (m) [f]or an employer or other entity … to fail to make reasonable accommodation for the

7

1  known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m)
2  (West 2016). "To establish a prima facie case for failure to accommodate, a plaintiff must show:
3  (1) that he suffers from a disability covered by FEHA; (2) that he is otherwise qualified to do his
4  job; and (3) that defendant failed to reasonably accommodate his disability." *Gardner v. Fed.*
5  *Express Corp.*, 114 F. Supp. 3d 889, 901 (N.D. Cal. 2015); *see also Jensen v. Wells Fargo Bank*,
6  85 Cal. App. 4th 245, 256 (2000). An employer's failure to provide reasonable accommodation is
7  a violation of the statute even in the absence of an adverse employment action. *King v. United*
8  *Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 442 (2007). Despite a pattern of successful
9  accommodation, a single failure to accommodate an employee's disability may be actionable in
10  some cases. *See A.M. v. Albertsons, LLC,* 178 Cal. App. 4th 455, 465 (2009).

11  Defendants' argument for dismissal remains the same: they assert Plaintiff failed to
12  sufficiently allege factual support for his claims generally under the FEHA. (ECF No. 39-1 at 6.)
13  Defendants focus their argument on the assertion that Plaintiff failed to comply with the Court's
14  directives to individually identify each FEHA claim. (ECF No. 39-1 at 6.) Having found that
15  Plaintiff sufficiently specified the subsections under which he brings his FEHA causes of action,
16  the Court now looks to whether Plaintiff sufficiently alleged facts to support his prima facie claim
17  for failure to accommodate.

18  The Court has already determined that Plaintiff has plead sufficient facts to support his
19  allegations that he suffered from a disability and that he is otherwise qualified to do his job under
20  the FEHA. *See*, Section A.i., *supra*. As for the third element of Plaintiff's prima facie case,
21  Plaintiff clearly alleges that, in January 2002, he was notified that his supervisor was removing
22  the portion of his duty statement that mentions his reasonable accommodations. (ECF No. 38 at ¶
23  35.) Plaintiff states that, even though Defendants had not consulted Plaintiff's treating physician
24  or neurologist, Plaintiff was still directed to sign the revised duty statement, despite his
25  objections. (ECF No. 38 at ¶ 35.) Plaintiff asserts that, though he was told the accommodations
26  would remain in effect, they disappeared when his supervisor was transferred. (ECF No. 38 at ¶
27  36.) Finally, Plaintiff alleges that he met with Defendant Gutierrez and other Senior Engineers to
28  discuss his request for accommodations. (ECF No. 38 at ¶ 44.) However, after that meeting,

Plaintiff asserts that Gutierrez refused to provide any reasonable accommodations and none were put into effect to accommodate Plaintiff's brain surgery.  (ECF No. 38 at ¶ 46.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007)).  In light of the fact that Plaintiff alleged factual support for his claim of failure to provide reasonable accommodations, the Court finds that Plaintiff sufficiently stated a cause of action for violation of Section 12940(m).  For these reasons, Defendants' Motion to Dismiss Plaintiff's FEHA claim for failure to provide reasonable accommodations is DENIED.

                *iii.*       *Cal. Gov't Code Section 12940(n): Failure to Engage in the Interactive Process*

The Court interprets Plaintiff's last claim under Count IV-A to arise under Cal. Gov't Code Section 12940(n), which provides that "[i]t shall be an unlawful employment practice … : [¶] (n) [f]or an employer … to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations."  Cal. Gov't Code § 12940(n) (West 2016).  "Although it is the employee's burden to initiate the process, no magic words are necessary, and the obligation arises once the employer becomes aware of the need to consider an accommodation." *Rubadeau v. M.A. Mortenson Co.*, No. 1:13–CV–339 AWI JLT, 2013 WL 3356883, at *12 (E.D. Cal. July 3, 2013) (quoting *Scotch v. Art Inst. of California–Orange Cnty.*, Inc., 173 Cal. App. 4th 986, 1018, 93 Cal. Rptr. 3d 338 (2009)).  "'[T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed." *Scotch v. Art Inst. of California-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1013 (2009) (quoting *Humphrey v. Memorial Hospitals Assn.*, 239 F. 3d 1128, 1138 (9th Cir. 2001)).

Defendants argue generally that Plaintiff has not detailed sufficient factual allegations supporting his claim for violations of the FEHA.  (ECF No. 39-1 at 6.)  The Court looks to whether Plaintiff has adequately supported his claim of Defendants' failure to engage in the

interactive process.

Plaintiff alleges that "Defendants asserted that [he] worked too slowly" and that they "used this rationale to terminate Plaintiff." (ECF No. 38 at ¶ 103(c).) Plaintiff states that "[e]ven when [he] was able to obtain a job coach through DOR … at no cost to DWR, to help organize [his] time and work space, DWR refused to allow this reasonable accommodation." (ECF No. 38 at ¶ 103(c).) Additionally, Plaintiff alleges that after his brain surgery, Defendant Gutierrez denied knowledge of Plaintiff's epilepsy and directed Plaintiff to conduct on site dam inspections, "over Plaintiff's objection and his anxiety about his safety and that of others." (ECF No. 38 at ¶ 57.) Finally, Plaintiff asserts that when he attempted to engage in the interactive process with DWR's Employee Health and Safety Office about his accommodations, he was notified that his request was denied, thus nullifying the process. (ECF No. 38 at ¶¶ 52–53.)

The Court finds that Plaintiff has alleged sufficient factual support to demonstrate his need for accommodations as well as his initial steps to engage Defendants in the interactive process. Additionally, in interpreting the facts in light most favorable to Plaintiff, the Court can draw a reasonable inference that Defendants refused to engage in the interactive process. Therefore, the Court finds that Plaintiff has adequately asserted his claim of violation of Section 12940(n). For these reasons, Defendants' Motion to Dismiss Plaintiff's claim of failure to engage in the interactive process under the FEHA is DENIED.

### B.  Count IV-B: Retaliation in Violation of FEHA by Defendant DWR

Following direction from the Court, Plaintiff amended his complaint to specify a single claim of retaliation in violation of Cal. Gov't Code Section 12940(h) in Count IV-B. In his SAC, Plaintiff provides additional facts to support his cause of action, including identifying against which Defendant he brings his claim. (ECF No. 38 at ¶ 106(a)–(e).) Defendants again move to dismiss Plaintiff's cause of action, arguing that Plaintiff failed to allege sufficient facts to support a retaliation claim. (ECF No. 39-1 at 7.)

Employers may not discharge, expel or otherwise discriminate against individuals because they oppose conduct forbidden by the FEHA, file a complaint, or testify or assist in a proceeding regarding a claim of disability discrimination. Cal. Gov't Code § 12940(h) (West

2016). To establish a prima facie case of retaliation, a Plaintiff must show: (1) involvement in [a] protected activity opposing an unlawful employment practice, (2) an adverse employment action, and (3) a causal link between the protected activity and the adverse action. *Freitag v. Ayers*, 468 F. 3d 528, 541 (9th Cir. 2006). Protected activity may include when "an employee … has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by the FEHA." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1043 (2005). There must be some evidence that the employer knew that the employee was engaged in activities in opposition to the employer at the time of the claimed retaliatory action. *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1144 (E.D. Cal. 2010).

Plaintiff alleges that he complained about adverse treatment by DWR that led to retaliation actions being taken against him after he made his complaints. (ECF No. 38 at ¶ 106(e).) Plaintiff asserts he complained about "DWR: refusing to participate in the interactive process, refusing to provide Plaintiff with reasonable accommodations, [and] refusing to hire Plaintiff for a position for which he was otherwise qualified." (ECF No. 38 at ¶ 106(e).) Plaintiff alleges he was terminated due to these complaints and that his termination "reeked of retaliation as it deprived Plaintiff of the right to work for any other California Agency or Department." (ECF No. 38 at ¶ 106(e).) Defendants argue that Plaintiff failed to clearly identify a protected activity. (ECF No. 39-1 at 7.) Additionally, Defendants assert that, though Plaintiff "vaguely references" seeking reasonable accommodations, that conduct "does not constitute opposing an employment practice forbidden under the FEHA." (ECF No. 39-1 at 7.) The Court agrees.

A request for accommodation does not constitute a protected activity and is insufficient to state a claim for retaliation.[2] *Keshe v. CVS Pharmacy Inc.*, No. 2:14-CV-08418-CAS (MANx),

---

[2] The Court recognizes that effective January 1, 2016, AB No. 987 modified the FEHA such that requests for accommodation can constitute protected activity. "Generally, statutes operate prospectively only." *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 840 (2002). "[A] statute may be applied retroactively only if it contains express language of retroactivity or if other sources provide a clear and unavoidable implication that the Legislature intended retroactive application." *McClung v. Employment Dev. Dep't*, 34 Cal. 4th 467, 475 (2004) (citing *Myers*, 28 Cal. 4th 828, 844 (2002)); *see also* Cal. Civ. Code § 3 ("No part of [the California Code of Civil Procedure] is retroactive, unless expressly so declared"). "The 2016 amendment to the FEHA does not state that it is retroactive." *Keshe v. CVS Pharmacy Inc.*, No. 2:14-CV-08418-CAS (MANx), 2016 WL 1367702, at *10 (C.D. Cal. Apr. 5, 2016). In this case, A.B. 987 does not contain an express retroactivity provision, and there is nothing else that this

2016 WL 1367702, at *10 (C.D. Cal. Apr. 5, 2016); *see Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 381 (2015) ("[P]rotected activity does not include a mere request for reasonable accommodation. Without more, exercising one's rights under FEHA to request reasonable accommodation or engage in the interactive process does not demonstrate some degree of opposition to or protest of unlawful conduct by the employer"); *Rope v. Auto-Chlor Sys. of Wash., Inc.*, 220 Cal.App. 4th 635, 652-53 (2013) ("[W]e find no support in the regulations or case law for the proposition that a mere request-or even repeated requests-for an accommodation, without more, constitutes a protected activity sufficient to support a claim for retaliation in violation of FEHA").

Plaintiff has failed to allege facts showing he made a complaint to any particular defendant about violations of the FEHA or even when that complaint was made. Instead, Plaintiff's complaint indicates only that he made repeated requests for accommodation. (ECF No. 38 at ¶¶ 44 & 83.) Making repeated requests for accommodations, alone, is not sufficient to constitute a protected activity within the FEHA. *Rope*, 220 Cal.App. 4th 635 at 652–53. Further, to constitute retaliation, there must also be evidence the employer knew the employee was engaged in activities in opposition to the employer at the time of the alleged retaliation. *Id.* at 653; *see Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1046 (2005) ("Standing alone, an employee's unarticulated belief that an employer is engaging in discrimination will not suffice to establish protected conduct … where there is no evidence the employer knew that the employee's opposition was based upon a reasonable belief that the employer was engaging in discrimination.") Plaintiff has failed to meet his burden to show that he filed a complaint regarding Defendants' alleged failure to accommodate his disability. Without such a showing, the Court finds that Plaintiff has not demonstrated that he engaged in a protected activity.

---

Court has found that would make it very clear that the Legislature intended for the change to apply retroactively. The Court concludes that this amendment does not apply retroactively to Plaintiff's claim. In light of the fact that the amendment only applies prospectively, at the time Plaintiff alleges Defendant engaged in the asserted retaliation, the law was consistent with the holdings of *Nealy* and *Rope*. Therefore, the Court finds that Plaintiff's requests for reasonable accommodations and engagement in the interactive process do not constitute protected activity. Additionally, Plaintiff fails to specifically enumerate any other protected activity that would satisfy the first element of his retaliation claim.

1  Therefore, Plaintiff has not satisfied the first requirement of stating a claim for retaliation under
2  Section 12940(h).
3  In the Court's second order dismissing Plaintiff's FEHA claims, the Court instructed
4  Plaintiff to allege sufficient facts to withstand a motion to dismiss. (ECF No. 37 at 13.) The
5  Court also warned Plaintiff that he would have one last opportunity to amend his complaint.
6  (ECF No. 37 at 13.) Repeated failure to cure deficiencies by amendment is a reason to deny leave
7  to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has again failed to allege
8  sufficient facts to survive a motion to dismiss, which suggests that Plaintiff is unable to cure this
9  deficiency. Accordingly, the Court finds that Plaintiff does not have a cause of action for
10 retaliation under the FEHA. For these reasons, Defendants' Motion to Dismiss Plaintiff's
11 retaliation claim under Section 12940(h) is GRANTED.

   C.  Count IV-C: Harassment in Violation of FEHA by Defendants DWR and Gutierrez

14 Plaintiff's final claim under Count IV of his SAC again combines multiple causes of
15 action for violations of the FEHA. (ECF No. 38 at ¶¶ 107–14.) Plaintiff first states a claim under
16 Cal. Gov't Code Section 12940(a), alleging a discrimination violation, and Section 12940(g),
17 alleging a retaliation violation against hospital employees. (ECF No. 38 at ¶ 110.) Count IV-C
18 also references Section 12940(k), alleging failure to prevent discrimination and harassment,
19 although Plaintiff does not specifically allege a claim on these grounds.
20 With respect to Section 12940(a), the Court has already determined that Plaintiff has pled
21 sufficient facts to support a claim of discrimination against Defendants. *See*, Section IV.A.i.,
22 *supra*. However, with respect to Section 12940(g), the Court finds that the cited subsection is not
23 applicable in this instance. Section 12940(g) states that is unlawful "[f]or an employer … [to]
24 discriminate against any person because the person has made a report pursuant to … retaliation
25 against hospital employees who report suspected patient abuse by health facilities or community
26 care facilities." Cal. Gov't Code § 12940(g) (West 2016). Because Plaintiff has not alleged that
27 he is a healthcare worker, the Court finds that this statute is inapplicable and any claims related to
28 this subsection are dismissed.

1     As to Plaintiff's claim under Section 12940(k), the Court finds that Plaintiff does not
2 sufficiently enumerate this claim and therefore it is dismissed.  Within his SAC, Plaintiff does not
3 specifically cite to Section 12940(k).  (ECF No. 38 at ¶¶ 107–114.)  Furthermore, the only point
4 at which Section 12940(k) is addressed is in Defendants' motion to dismiss, which alleges that
5 Plaintiff is bringing a claim under that section.  (ECF No. 39-1 at 7.)  Therefore, the Court will
6 not address Section 12940(k).

7     Finally, Plaintiff also indicates that he intends to bring a claim under Section 12940(j),
8 alleging harassment.  (ECF No. 38 at ¶¶ 107 & 108.)  With respect to this claim, Plaintiff alleges
9 that Mr. Waggoner began harassing Plaintiff when he "removed Plaintiff's agreed-upon
10 reasonable accommodations."  (ECF No. 38 at ¶ 56.)  Plaintiff states that Mr. Waggoner then
11 ordered "Plaintiff to conduct an on sight dam inspection that would have put Plaintiff and another
12 engineer in harm because of Plaintiff's uncontrolled seizures."  (ECF No. 38 at ¶ 57.)  Plaintiff
13 also alleges that Defendant Gutierrez denied any knowledge of Plaintiff's epilepsy and again
14 directed him to conduct the inspections "over Plaintiff's objection and his anxiety about his safety
15 and that of others." (ECF No. 38 at ¶ 57.)  Plaintiff alleges that he was criticized for not knowing
16 information that was never provided to him; for not having skills for which Defendants never
17 provided the required training; for following directions from his assigned supervisor; for using
18 reporting formats that were used by his colleagues; and for asking for clarification and assistance
19 with unfamiliar tasks.  (ECF No. 38 at ¶ 63.)  Plaintiff also asserts that he was closely monitored
20 "down to the time he arrived at the office" and that he was "forbidden to confer with colleagues
21 on job assignments."  (ECF No. 38 at ¶ 63.)

22     Defendants argue that Plaintiff "ignores the Court's directive to clearly set forth the causes
23 of action he wishes to include and under what sub-section of the FEHA he brings those claims."
24 (ECF No. 39-1 at 7.)  However, Defendants do not address Plaintiff's claim under subdivision (j),
25 nor do they lay additional arguments for why that cause of action should be dismissed.
26 Therefore, the Court looks only to Plaintiff's allegations in this matter.

27     The FEHA makes it unlawful "[f]or an employer ... or any other person, because of ...
28 physical disability, mental disability, [or] medical condition ... to harass an employee ...." Cal.

Gov't Code § 12940(j)(1). An employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006); *see Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010) (explaining that a plaintiff "must prove that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee"). Harassing conduct takes place "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Rehmani v. Superior Court*, 204 Cal. App. 4th 945, 951 (2012) (citing *Reno v. Baird*, 18 Cal.4th 640, 646 (1998)).

"In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Muller v. Auto. Club of So. California*, 61 Cal. App. 4th 431, 446 (1998) (quoting *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 610 (1989)). Factors constituting harassment "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Dept. of Corrections*, 36 Cal.4th 446, 462 (2005).

Plaintiff's SAC states facts that show sufficient support for his harassment claim. Plaintiff does not need to allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Though Plaintiff has not clearly enumerated all specific instances of harassment, he offers facts that sufficiently allege that Defendants have engaged in a repeated pattern of misconduct. From these allegations, the Court could draw a reasonable inference that Defendants have harassed Plaintiff in his work environment. Therefore, Defendants' Motion to Dismiss is DENIED with respect to the harassment claim under Section 12940(j)(1). Defendants' motion is GRANTED with respect

to any other claims Plaintiff intended to assert under Count IV-C and these claims are dismissed without leave to amend.[3]

### D. Count V: Wrongful Discharge in Violation of FEHA by Defendant DWR

In Plaintiff's original complaint he alleged a common law tort claim of wrongful termination against all Defendants. (ECF No. 1 at ¶¶ 120-24.) The Court dismissed that claim because Plaintiff failed to comply with the California Government Claims Act ("CGCA") by not asserting he met the requirements of the act. (ECF No. 26 at 13.) Though Plaintiff was granted leave to amend, his FAC still made no reference to the requirements of the act and the Court concluded that Plaintiff lacked any facts to support his ability to bring his claim. (ECF No. 37 at 16.) Thus, the Court dismissed Plaintiff's wrongful termination cause of action without leave to amend. (ECF No. 37 at 16.) Plaintiff now attempts to bring a wrongful discharge claim in violation of the FEHA claim in his SAC. (ECF No. 38 at 27.) However, similar to Plaintiff's wrongful termination cause of action, Plaintiff's wrongful discharge claim is dismissed without leave to amend.

Plaintiff attempts to allege a new cause of action by slightly altering the title of his claim from "wrongful termination" to "wrongful discharge" and adding one additional set of facts regarding his notice of termination. (ECF No. 38 at ¶ 120.) Defendants assert that Plaintiff was already given leave to amend his complaint multiple times in order to cure his pleading deficiencies regarding California Government Code Section 945.6. (ECF No. 39-1 at 8–9.) Defendants argue that due to Plaintiff's failure to allege any facts demonstrating he has complied with the requirements of Section 945.6, the Court should dismiss Plaintiff's claim without leave to amend. (ECF No. 39-1 at 9.) Additionally, Defendants argue that the Court did not grant Plaintiff permission to allege a new cause of action. (ECF No. 39-1 at 8.) The Court agrees.

Despite the Court's dismissal of Plaintiff's claim without leave to amend, Plaintiff attempts to again bring his cause of action, ignoring this Court's previous Order. Further, Plaintiff again fails to allege any new information regarding this "new" cause of action.

---

[3] Plaintiff's claim under Count IV-A, discrimination under Section 12940(a) remains as a cause of action. *See* Section IV.A.i., *supra.*

Plaintiff's attempt to simply change the name of a claim that has previously been dismissed is unavailing. The Court has been more than lenient regarding Plaintiff's inability to separate out his own claims, and Plaintiff was not directed to amend this claim. For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's wrongful discharge claim is GRANTED.

### V.    CONCLUSION

For the reasons set forth above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. (ECF No. 39-1.) The Court orders as follow:

1. Defendants' Motion to Dismiss as to Count I (Violation of the ADA) is DENIED;
2. Defendants' Motion to Dismiss as to Count II (Violations of Section 504) is DENIED;
3. Defendants' Motion to Dismiss as to Count III (Violations of Section 1983) is DENIED;
4. Defendants' Motion to Dismiss as to COUNT IV-A is DENIED with respect to Section 12940 subsections (a), (m), and (n);
5. Defendants' Motion to Dismiss as to COUNT IV-B is GRANTED;
6. Defendants' Motion to Dismiss as to COUNT IV-C is DENIED with respect to Section 12940(j) and GRANTED with respect to all other subsections; and
7. Defendants' Motion to Dismiss as to COUNT V is GRANTED.

Plaintiff has no further leave to amend his complaint.

IT IS SO ORDERED

Dated: August 1, 2016

Troy L. Nunley
United States District Judge