UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MOHSIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES, and DAVID GUTIERREZ,<br><br>　　　　Defendants. | No. 2:13-cv-1236-TLN-EFB<br><br>ORDER |

This case was before the court on December 13, 2017, for hearing on plaintiff's motion to amend responses to requests for admissions pursuant to Federal Rule of Civil Procedure ("Rule") 36(b). ECF No. 73. Attorney Marianne Malveaux appeared on behalf of plaintiff. Deputy Attorney General Amy Lindsey-Doyle appeared on behalf of defendant Department of Water Resources ("DWR"). For the following reasons, plaintiff's motion is denied.

I.　Background

On May 26, 2017, defendant DWR served its First Set of Request for Admissions ("RFA"). ECF No. 74. Pursuant to Rule 36(a)(3), plaintiff's responses were due June 26, 2017. Plaintiff, however, failed to provide responses by that date. Two days after the deadline, plaintiff requested, and defendant granted, an extension until July 7, 2017, to serve his response. ECF No. 73-4 at 3 (Affidavit of Marianne Malveax, Ex. 2). Plaintiff subsequently sought a second

1

extension, this time until July 11, which was also approved by defendant. *Id*. at 2. Plaintiff, however, also failed to serve his responses by that deadline.[1]

Instead, on July 12, plaintiff's counsel Marianne Malveaux notified defendant's counsel that plaintiff was still working on responses, which would be served on July 14, 2017. Notably, Ms. Malveaux did not request additional time to file a response, but simply notified defense counsel that the response would be served after the agreed-upon deadline. ECF No. 74-1 at 8. Despite counsel's representation, plaintiff's responses to the RFA were not served until July 22, 2017. ECF No. 73-3.

Upon receipt, defense counsel promptly notified Ms. Malveaux that the responses were untimely and deficient, and therefore would not be accepted. ECF No. 73-4 at 13-14. Ms. Malveaux was also advised that plaintiff's failure to timely respond to the discovery request resulted in automatic admissions to each request. *Id*.

On November 21, 2017, almost four months after DWR affirmatively rejected plaintiff's responses, plaintiff filed the instant motion seeking to be relieved from the deemed admissions. ECF No. 73.

II.  Legal Standard

Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." A party may withdraw or amend an admission only if the court finds (1) that withdrawal will aid in presenting the merits of the case, and (2) no substantial prejudice to the party who requested the admission will result

---

[1] Although defense counsel agreed to two extensions of time to file responses, the requests were automatically deemed admitted after the 30-day response period had lapsed. *See* Fed. R. Civ. P. 36(a)(3). Thus, withdrawal of those admissions required leave of court. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) (citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001), for the principle that "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."). Although the parties were free to stipulate to a shorter or longer time for responding, *see* Fed. R. Civ. P. 36(a)(3), such a stipulation had to be entered prior to the deadline for the matters being deemed admitted by operation of the Rule.

from allowing the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007) (court must consider both factors in deciding motion to withdraw or amend, and failure to do so is an abuse of discretion).

However, the language of Rule 36(b) is permissive, and satisfaction of the two-pronged test does not automatically entitle the moving party to relief. *Conlon*, 474 F.3d at 624. Whether a party may withdraw or amend responses to requests for admissions lies within the discretion of the district court. *Id*. at 621. "[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id*. at 625.

III. Discussion

DWR argues that plaintiff's motion should be denied because: (1) the deemed admissions do not preclude plaintiff from litigating the merits of all of his claims, (2) DWR would be prejudiced if the admissions were withdrawn at this stage of the case, and (3) plaintiff failed to act diligently in providing his responses to the request for admissions and bringing the instant motion.[2] ECF No. 74 at 9-13.

A. Presentation of the Merits

DWR argues that plaintiff fails to satisfy the first prong of the test because denying the requested relief would not completely eliminate presentation of the merits of the case. ECF No. 74 at 11. According to DWR, the admissions at issue only address plaintiff's claims for disability discrimination, but not his retaliation claims under the Fourteenth Amendment and California Fair Employment and Housing Act. *Id*. Because plaintiff's disability claims are not impaired by the deemed admissions, DWR contends plaintiff has failed to satisfy the first prong of the test. *Id*.

---

[2] DWR also requested that the court vacate the December 13 hearing and deny plaintiff's motion for failure to file a joint statement as required by Local Rule 251. ECF No. 74 at 8-9; *see* E.D. Cal. L.R. 251(a) and (c) (requiring the moving party to draft and file document entitled "Joint Statement re Discovery Agreement," and providing that failure to do so may result in the hearing being drop from calendar without prejudice). Although plaintiff failed to file a joint statement in violation of Local Rule 251, the court declined to vacate the hearing given that both plaintiff and DWR had briefed the merits of the motion. *See* ECF Nos. 73-1 and 74.

Contrary to DWR's contention, plaintiff is not required to show that a denial of relief would preclude him from presenting the merits of all claims. Rather, Rule 36 requires the moving party demonstrate that "withdrawal or amendment . . . would promote the presentation of the merits of the action . . . ." Allowing plaintiff to amend his admissions would permit him to present evidence in support of his disability discrimination claims, thereby promoting the "presentation of the merits of the action." Accordingly, the first prong is satisfied.

B. Prejudice to DWR

As to the second prong, DWR argues that it would be prejudiced because it has relied on the deemed admissions for over four months, and used them to prepare and administer plaintiff's deposition. ECF No. 74. DWR explains that during his deposition plaintiff "made affirmative admissions which are in direct contradiction to many of the responses he proposes to submit if he is relieved of the admissions." *Id*. It further contends that the inconsistent statements will render preparation of summary judgment and trial difficult, and will necessitate additional discovery to "clean up" the conflicting admissions/denials. *Id*. DWR argues that with only approximately a month left in discovery, and with plaintiff's deposition already completed, it is "left in an impossible position to adequately prepare its defense for trial." *Id*.

In addressing the second prong, the court focuses on the "the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623-24 (stating additionally that "prejudice must relate to the difficulty a party may face in proving its case at trial"). The party who relies upon the deemed admissions has the burden of proving prejudice. *Id*. at 622.

The court is sympathetic to DWR's position and there is simply no excuse for plaintiff's dilatory conduct in this case. Further, allowing plaintiff to now amend his responses to the admissions requests in a way that will contradict his sworn testimony from his disposition makes little sense. However, the prejudice identified by DWR is having to conduct further discovery. That burden is insufficient to demonstrate prejudice for purposes of Rule 36. *See Conlon*, 474 F.3d at 624 ("Although the United States relied on the deemed admissions in choosing not to engage in any other discovery, we are reluctant to conclude that a lack of discovery, *without more*, constitutes prejudice. The district court could have reopened the discovery period, and

4

prejudice must relate to the difficulty a party may face in proving its case at trial.") (emphasis added) (citations omitted).

Currently, discovery is open until January 15, 2018, dispositive motions must be heard by no later than May 31, 2018, and trial is not set to commence until October 29, 2018. Without disrupting the trial date, the discovery cut-off could be extended to allow for DWR to conduct additional discovery. Plaintiff also could be ordered to submit to another deposition. Further, to the extent that plaintiff amends his responses in a manner that simply contradicts what he has stated in sworn testimony in his earlier deposition, any discrepancy could be addressed on summary judgment. Under case law a party cannot demonstrate a genuine dispute by contradicting previous deposition testimony. *See Block v. City of L.A.*, 253 F.3d 410, 419 n.2 (9th Cir. 2001) ("A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts."). Thus, although these remedies still inconvenience the defense, the alleged prejudiced identified by DWR could be, in part, mitigated, thereby allowing defendant a fair opportunity to present its defense by way of a dispositive motion or at trial. Accordingly, plaintiff has satisfied the requirements of Rule 36(b).

Nonetheless, this does not automatically entitle plaintiff to the relief he seeks here. The court also has the discretion to weigh plaintiff's lack of diligence and failure to accept responsibility.

C.   Plaintiff's Lack of Diligence

DWR further argues that plaintiff's unjustifiable lack of diligence in providing responses to its RFA and moving to seek relief from the deemed admissions warrants denial of plaintiff's motion regardless of whether he satisfies the test provided by Rule 36(b). ECF No. 74 at 8-10.

As noted above, the court retains discretion as to whether to grant relief when the moving party satisfies the two-pronged test set out in Rule 36(b). *Conlon*, 474 F.3d at 624-25. In deciding whether to exercise its discretion, the court may consider "whether the moving party can show good cause for the delay . . . ." *Id*. at 25. As detailed above, not only was there a delay in plaintiff serving his responses to DWR's RFA, but there was also a substantial delay in seeking the relief from his deemed admissions.

5

Plaintiff offers several reasons as to why he was unable to timely provide responses, none of which are persuasive. First, plaintiff contends that the RFA were oppressive because they contained 130 requests that "were based upon over 2800 pages of disorganized documents," which were untimely produced by DWR.[3] ECF No. 73-1 at 2-3. Plaintiff does not, however, explain how the produced documents were needed for him to either deny or admit each of requests, nor does he explain how the untimely receipt of these documents precluded him from timely responding. This lack of explanation is significant as the record shows that plaintiff received all documents related to the RFA by June 2, 2017, "with a log of corresponding Bates numbers to categories of documents." ECF No. 74-1 ¶ 9. Thus, plaintiff had all necessary documents, in useable form, more than three weeks prior to the date his responses were originally due.

Moreover, the RFA were not overly burdensome or oppressive. Review of the RFA indicates that they were drafted with the intent to limit the issues in this case, and not to harass or gain an unfair tactical advantage. Although the discovery request included 133 RFA, plaintiff was not required to provide detailed responses. In fact, plaintiff often gave identical responses to several difference requests. *See generally* ECF No. 73-3.

Plaintiff also argues that the delay was justified because Ms. Malveaux became ill during the period she was required to prepare the responses. ECF No. 73-1 at 1. Although Ms.

---

[3] At the hearing, plaintiff also argued that DWR had engaged in improper discovery practices that have delayed the completion of discovery. Specifically, plaintiff's counsel argued that DWR had unilaterally canceled depositions just prior to their scheduled dates. The incident discussed by counsel appears to have no relation to the dispute before the court. It occurred in October 2017, well after date by which plaintiff's responses to DWR's RFA were due. Further, counsel's account of the incident is unsupported. In an email dated October 27, 2017, DWR's counsel notified plaintiff's counsel that she had "yet to receive notices of deposition" for two witnesses that were scheduled to be deposed the following week. ECF No. 69-4. DWR's counsel stated that she had "received mixed messages as to whether these depositions will proceed," and requested that plaintiff serve notices of deposition to confirm they would go forward. *Id*. DWR's counsel requested the notices be served by no later than 3:00 p.m., as she would be out of town from 4:00 p.m. that afternoon until the following Wednesday. *Id*. Plaintiff's attorney responded that they were "leaning towards not having the deposition but must run it by the client . . . ." *Id*. They did not, however, serve notices by 3:00 p.m., nor is there any indication that notices of deposition were ever served for the two witnesses.

Malveaux submitted an affidavit in support of plaintiff's motion, her affidavit does not provide any details regarding her illness, such as an explanation as to how long she was sick. *See* ECF No. 73-2. Indeed, the affidavit makes no mention of her illness. Instead, Ms. Malveaux explains that during the relative period she was grieving the death of a dear friend, which frustrated the efforts to complete plaintiff's response. *Id*.

These explanations, however, fail to account for the fact that plaintiff is represented by three attorneys. Although Ms. Malveaux's grief and illness could be expected to have interfered with her ability to respond to discovery requests, there is no reason to believe plaintiff's two other attorneys could not have timely completed plaintiff's responses. At the very least, the other attorneys could have timely apprised DWR's counsel of Ms. Malveaux's circumstances and requested additional time to serve responses. Alternatively, they could have filed a motion requesting additional time to provide responses.

The court also cannot overlook the fact that the explanations proffered by plaintiff appear to have evolved and are contradicted by other statements in the record. On the same day as the hearing on the instant motion, plaintiff's attorneys filed a motion to withdraw as counsel. ECF No. 80. In that motion, counsel argues that they had difficulty working with plaintiff to provide responses to DWR's RFA. They contends that they had difficulty keeping plaintiff "on track," and that when counsel believed all necessary information had been gathered, plaintiff would notify them that he wanted to include additional information. ECF No. 80-1 at 7. Significantly, counsel also represents that "Plaintiff's decision to pick and choose the calls, texts and emails to which he responded caused ongoing – and unnecessary – motion practice." *Id*. Thus, the record indicates that the delay was caused by plaintiff, not the external factors discussed above.

Plaintiff has also failed to show good cause for his delay in seeking relief from the deemed admissions. As already mentioned, plaintiff finally served his responses on July 22, 2017, almost a month after they were due. On July 24, 2017, DWR informed him that the responses were not adequate nor timely. ECF No. 73-4 at 7-9. Plaintiff was also notified that his responses were deemed admitted by operation of Rule 36, and that he could not amend his

/////

1 | admissions without leave of court. *Id*. Despite receiving such notice in July, plaintiff did not file
2 | the instant motion until November 12, 2017. ECF No. 73.

3 | Plaintiff contends, however, that he acted diligently in seeking relief from the court. He
4 | explains that the parties agreed to stay discovery while they engaged in settlement discussions.
5 | According to plaintiff, he attempted to bring the instant motion once settlement discussions failed,
6 | but his efforts were thwarted due to a lack of available hearing dates at which both parties could
7 | be present. Plaintiff's contention is unsupported by the record.

8 | As discussed above, plaintiff's responses were untimely, and consequently deemed
9 | admitted, as of June 27, 2017, notwithstanding defense counsel's acquiescence to plaintiff's
10 | untimely requests for extensions of time. Counsel should have known as of that date that leave of
11 | court was required once the responses were deemed admitted. *See* Fed. R. Civ. P. 36. If she did
12 | not, DWR informed her of the need to seek court intervention on July 24, 2017, when it rejected
13 | plaintiff's untimely responses. ECF No. 73-4. At that time, plaintiff should have moved to be
14 | relieved from the deemed admissions, but failed to do so.

15 | Plaintiff claims, however, that he could seek relief at that time because the parties had
16 | stipulated to stay discovery while they attempted to settle the case. Plaintiff does not, however,
17 | specify when that stipulation was reached, and thus it is unclear whether he could have timely
18 | sought relief from the court. The docket reflects that the order setting the settlement conference
19 | was not issued until August 16, 2017, well after his responses were deemed to be admissions.
20 | Had the stipulation not been reached prior to scheduling of the settlement conference, plaintiff
21 | could have easily sought relief months ago.

22 | Even assuming that the parties' stipulation precluded plaintiff from properly filing the
23 | instant motion prior to the settlement conference, the record reflects that plaintiff failed to act
24 | diligently after settlement efforts failed. The settlement conference concluded on September 21,
25 | 2017. ECF No. 53. Plaintiff, however, did not immediately seek to amend his responses after
26 | that conference despite the fact that, at that time, the court's scheduling order required all
27 | discovery motions be resolved by November 13, 2017. *See* ECF Nos. 46, 50. Rather, he waited
28 | until October 18, 2017, to file an ex parte application for an order shortening time to hear his

motion to amend his responses on November 1, 2017. ECF No. 56. That application did not explain why the matter could not be heard, in compliance with Local Rule 251, on November 8, 2017, an available hearing date prior the close of discovery. *See* E.D. Cal. L.R. 251(a) (providing that a discovery motion "may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service."). He also failed to explain why he could not have filed the motion at an early time in compliance with the court's local rules and scheduling order. Consequently, the request was denied.[4]

The assigned district judge subsequently granted plaintiff's motion to modify the court's scheduling order, and only then did plaintiff properly file the instant motion in compliance with the court's local rules. Thus, plaintiff's lack of diligence, including counsel's failure to review the court's local rules, is responsible for this motion not being heard at an earlier date.

In short, plaintiff's history of dilatory behavior throughout this case and blaming others for the delay is simply inexcusable.

IV. <u>Conclusions</u>

Although plaintiff satisfies the two-pronged test provided in Rule 36(b), he has failed to establish good cause for his dilatory conduct. Accordingly, the court declines to exercise its discretion to grant the requested relief.

Accordingly, it is hereby ordered that plaintiff's motion to amend responses to requests for admissions (ECF No. 73) is DENIED.

DATED: January 8, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] After plaintiff's ex parte application was denied, he filed a motion to amend his responses, which he noticed for hearing on November 22, 2017. Although it was filed in compliance with Local Rule 251, it was noticed for hearing after the discovery cut-off. Accordingly, it was denied as untimely.

9