UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MOHSIN,<br><br>        Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES, DAVID GUTIERREZ in his official capacity as Chief of Division of Safety of Dams,<br><br>        Defendant. | No. 2:13-cv-01236-TLN-EFB<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION** |

Plaintiff Syed Mohsin ("Plaintiff") filed a Motion to Amend Responses to Requests for Admissions pursuant to Federal Rule of Civil Procedure 36(b) on November 21, 2017. (ECF No. 73; ECF No. 92 at 1–2.) Plaintiff sought to be relieved from admissions deemed to have been admitted based on Plaintiff's failure to timely and completely respond to the Defendants California Department of Water Resources ("DWR") and David Gutierrez (collectively, "Defendants") requests. (ECF No. 92 at 1–2.) After a hearing, the magistrate judge denied Plaintiff's motion. (ECF No. 92 at 1.) Plaintiff filed the instant Motion for Reconsideration. (ECF No. 94 at 2.) Defendants have opposed the motion. (ECF No. 99.) For the reasons discussed below, the Court DENIES Plaintiff's Motion for Reconsideration (ECF No. 94) and DENIES Plaintiff's Counsel's Motion to Withdraw as Counsel (ECF No. 80).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The magistrate judge ably summarized the relevant background in this matter:

> On May 26, 2017, defendant DWR served its First Set of Request for Admissions ("RFA"). Pursuant to Rule 36(a)(3), plaintiff's responses were due June 26, 2017. Plaintiff, however, failed to provide responses by that date. Two days after the deadline, plaintiff requested, and defendant granted, an extension until July 7, 2017, to serve his response. Plaintiff subsequently sought a second extension, this time until July 11, which was also approved by defendant. Plaintiff, however, also failed to serve his responses by that deadline.
>
> Instead, on July 12, plaintiff's counsel Marianne Malveaux notified defendant's counsel that plaintiff was still working on responses, which would be served on July 14, 2017. Notably, Ms. Malveaux did not request additional time to file a response, but simply notified defense counsel that the response would be served after the agreed-upon deadline. Despite counsel's representation, plaintiff's responses to the RFA were not served until July 22, 2017.
>
> Upon receipt, defense counsel promptly notified Ms. Malveaux that the responses were untimely and deficient, and therefore would not be accepted. Ms. Malveaux was also advised that plaintiff's failure to timely respond to the discovery request resulted in automatic admissions to each request.
>
> On November 21, 2017, almost four months after DWR affirmatively rejected plaintiff's responses, plaintiff filed the instant motion seeking to be relieved from the deemed admissions.

(ECF No. 92 at 1–2) (record citations omitted). The magistrate judge denied Plaintiff's motion to amend on January 8, 2018. (ECF No. 92 at 9.) On January 23, 2018, Plaintiff entered on the docket the deposition transcript of former defendant Michael Waggoner and an exhibit from the deposition. (ECF No. 93.) Plaintiff labeled that entry Motion for Reconsideration, (ECF No. 93), and subsequently requested it be disregarded as the result of a series of technical errors Plaintiff's counsel, Ms. Malveaux, experienced with the Eastern District ECF system, (ECF No. 94-3 ¶¶ 3–9). Later that evening, on January 23, 2018, Ms. Malveaux's co-counsel Ms. Ransom, entered on the docket Plaintiff's Motion for Reconsideration. (ECF No. 94-3 ¶ 10.) Defendant opposes Plaintiff's motion. (ECF No. 99.)

///
///
///

2

## II. STANDARD OF LAW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07–1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987)).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Under the 'clearly erroneous' standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of Cal., Inc. v. Construction Laborers Pension Trust for Southern Cal.,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

"The magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law." *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). However, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.*

3

### III. ANALYSIS

First, Plaintiff's filing is untimely. A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72(a); E.D. Cal. Local Rule 303(b). The magistrate judge signed his order and it was entered on the docket on January 8, 2018. (ECF No. 92). Plaintiff's motion would, therefore, have had to have been filed on or before January 22, 2018, to comply with the 14 day filing requirement. Plaintiff states he filed his motion "within the mandatory 14 days." (ECF No. 94 at 3.) However, Plaintiff did not file his motion until 15 days after the magistrate judge issued his order. Plaintiff first filed a document labeled Motion for Reconsideration on January 23, 2018, one day after the 14-day deadline, consisting of a deposition transcript and exhibits rather than a motion. (ECF No. 93.) Plaintiff filed his motion later that evening. (ECF No. 94.)

Plaintiff's motion includes a signed declaration by Plaintiff's counsel, Ms. Malveaux, stating that she experienced a series of failures with the Eastern District ECF system on the night of January 22, 2018. (ECF No. 94-3 ¶¶ 3–9.) Ms. Malveaux declares she was unable to upload documents related to this motion, until a single deposition transcript loaded, apparently after midnight as it is dated the next day. (ECF No. 93; ECF No. 94-3 ¶¶ 4–5.) Ms. Malveaux states the issues persisted on January 23, 2018, and she eventually asked her co-counsel, Ms. Ransom, to file the motion on January 23, 2018. (ECF No. 94-3 ¶¶ 9–10.) Plaintiff's motion, therefore, is untimely and could be denied on that basis alone. "A party's failure to file a timely objection forfeits the right to challenge the ruling." *Lin v. Kia Motors Am., Inc.*, No. SACV-11-1662-JVS-SHX, 2012 WL 12887102, at *2 (C.D. Cal. Aug. 27, 2012) (citing *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 n.1 (9th Cir. 1996)). Out of an abundance of caution, the Court has reviewed Plaintiff's motion and finds that it is appropriate to deny the motion on its merits as Plaintiff has not shown the magistrate judge's order was clearly erroneous or contrary to law.

Second, Plaintiff's argument that the magistrate judge failed to apply the correct case law is inaccurate. Plaintiff argues the correct standard is a two part test for amending admissions from *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995), assessing whether or not the merits of the action will be subserved and the non-movant will be prejudiced. (ECF No. 94 at 4.)

Plaintiff argues the magistrate judge erred in "elect[ing] to use *Conlon*" and "forge a new standard, proposed by Defendant's counsel" in also analyzing whether or not Plaintiff had good cause for his delay in responding to the discovery requests at issue. (ECF No. 94 at 4) (referring to *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007).

*Hadley* and *Conlon* are not mutually exclusive. *Hadley* sets the minimum requirements a party must meet before an admission may be withdrawn pursuant to Federal Rule of Civil Procedure 36. *Hadley*, 45 F.3d at 1348–49. In *Conlon*, decided a decade later, the Ninth Circuit held that Rule 36 is permissive and a district court may, but is not required to, grant relief when the moving party can satisfy the two part test from *Hadley*. *Conlon*, 474 F.3d at 624. The Ninth Circuit clarified that while the two part test is "central to the analysis," the district court did not abuse its discretion in also considering the moving party's failure to show good cause for its delay in filing its responses to the opposing party's requests for admission. *Id*. at 625.

Here, he magistrate judge applied the two part test, finding Plaintiff satisfied both parts because he demonstrated that amending his admissions would permit him to present evidence and promote presentation on the merits and any potential prejudice to DWR could be mitigated. (ECF No. 92 at 3–5.) Only after determining Plaintiff satisfied the minimum requirements did the magistrate turn to the question of whether Plaintiff lacked diligence in this matter. (ECF No. 92 at 5.) The magistrate judge produced several pages of detailed analysis of this factor. (ECF No. 92 at 5–9.) Plaintiff has not shown the magistrate judge's order was "clearly erroneous" by applying relevant, controlling Ninth Circuit case law and considering Plaintiff's diligence.

Third, Plaintiff disagrees with the magistrate judge's conclusions, and this is not a basis for reconsideration. "'A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation...' of that which was already considered by the Court in rendering its decision." *Simmons v. Grissom*, No. 1:07-CV-01058-LJO-SAB, 2015 WL 6847885, at *2 (E.D. Cal. Nov. 9, 2015) (quoting *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. March 13, 2001). The magistrate judge found Plaintiff lacked diligence when he provided deficient responses almost one month after those responses were due, did not move for an extension of time, and moved for relief four months after his responses were deemed admitted

5

by operation of Rule 36. (ECF No. 92 at 9.) Plaintiff argues he "explained quite sufficiently" his efforts, that the magistrate judge "clearly ignored these" explanations, and Plaintiff's efforts "certainly do not constitute dilatory acts." (ECF No. 94 at 5.)

The magistrate judge also found that while Ms. Malveaux may have been unavailable to complete the responses, Plaintiff has two additional counsel who could have completed them or timely moved for an extension. (ECF No. 92 at 7.) Plaintiff disagrees, arguing both other counsel were busy managing other parts of the case, though Plaintiff does not address why they could not have timely moved for an extension. (ECF No. 94 at 5.) The magistrate judge also noted Plaintiff's explanations for these missed deadlines were "contradicted" by statements in Plaintiff's counsel's motion to withdraw, filed the same day as the hearing on the motion to amend, blaming Plaintiff's lack of cooperation for missed deadlines. (ECF No. 92 at 7.) Plaintiff has not shown the findings are "clearly erroneous." Plaintiff merely disagrees with those findings and that is not a basis for reconsideration. *Simmons*, 2015 WL 6847885 at *2 (stating "motions for reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same judge or a different judge to rethink a decision, and a Plaintiff's disagreement with the Magistrate Judge's does not provide a basis for reconsideration").

Plaintiff argues the magistrate judge committed "clear error" when he "relied solely on testimony from [defense counsel] as support for his conclusion that Plaintiff's deposition testimony conflicted with the admissions." (ECF No. 94 at 6.) Plaintiff argues his deposition transcript was not part of the record, yet the magistrate judge "relied on [defense counsel's] self-serving assertions [about Plaintiff's deposition testimony] as proof of prejudice." (ECF No. 94 at 6.) The magistrate judge did not rely on assertions by Defendants or find proof of prejudice to Defendants if Plaintiff were permitted to amend his responses. Rather, the magistrate judge summarized Defendants' argument and determined Plaintiff had satisfied the second part of Rule 32's test, lack of prejudice, because any potential prejudice to Defendants could be mitigated in a variety of ways. (ECF No. 92 at 4–5.) Plaintiff has not shown this finding was clearly erroneous. The magistrate judge's denial of Plaintiff's motion for leave to amend was not contrary to law. Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration (ECF No. 94).

### IV. MOTION TO WITHDRAW AS COUNSEL

All three of Plaintiff's counsel move to withdraw as counsel, arguing Plaintiff has been uncooperative and breached the terms of his fee agreement with counsel. (ECF No. 80-1 at 7–9.)

The Local Rules for the Eastern District of California govern withdrawal of counsel when the withdrawal would leave the client without representation, *in propria persona*. L. R. 182. An attorney may not withdraw as counsel, leaving a party to act *in propria persona,* except by leave of court. L. R. 182(d).

Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* As stated above, a motion to withdraw must include an affidavit by the attorney moving to withdraw stating the current or last known address or addresses of the client. Plaintiff's counsel have not provided an affidavit stating Plaintiff's current or last known address. Plaintiff's counsel have not complied with the procedural requirements set forth in Local Rule 182(d). Accordingly, the Court hereby DENIES Plaintiff's counsels' Motion to Withdraw as Counsel (ECF No. 80).

### V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Reconsideration, (ECF No. 94), and DENIES Plaintiff's Counsels' Motion to Withdraw as Counsel, (ECF No. 80).

IT IS SO ORDERED.

Dated: March 27, 2018

Troy L. Nunley
United States District Judge