XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ANDREA R. AUSTIN, State Bar No. 173630
Supervising Deputy Attorney General
JULIE L. HARLAN, State Bar No. 191902
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6109
  Fax: (916) 324-5567
  E-mail: Julie.Harlan@doj.ca.gov
*Attorneys for Defendants
Department of Water Resources and David
Gutierrez*

Frederic Ray Fletcher, CA State Bar No. 238038
FLETCHER LAW OFFICES
417 2nd Street
Suite 204
Eureka, CA 95501
Telephone: 707-502-2642
Fax: 888-979-8171
Email: fletcher@lawca.us
*Attorneys for Plaintiff Syed Mohsin*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SYED MOHSIN,**<br><br>                                    Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF WATER RESOURCES, DAVID GUTIERREZ, in his personal and official capacity as Chief of Division of Safety of Dams, and DOES 1-10,**<br><br>                                    Defendants. | Case No. 2:13-cv-01236-TLN-EFB<br><br>**STIPULATION AND ORDER FOR SECOND AMENDMENT TO MAY 31, 2019 PRE-TRIAL SCHEDULING ORDER RE DISPOSITIVE MOTIONS** |

*//*

*//*

1

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, STIPULATE TO THE FOLLOWING:

1. On May 31, 2019, the Court issued an Amended Pretrial Scheduling Order providing that "[a]ll dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than December 19, 2019." (ECF 111, 4:10-12.) The Amended Pretrial Scheduling Order also provides: "The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion." (ECF 111, 5:3-9.)

2. On October 11, 2019, the Court modified the Amended Pretrial Scheduling Order pursuant to the stipulation and request of the parties. (ECF 120, 121.) Pursuant to this modification, the hearing date for dispositive motions was extended from December 19, 2019 to April 2, 2020. (ECF 121.)

3. On February 19, 2019, the Court granted Plaintiff's February 18, 2019 request to substitute in Fredric Fletcher as his attorney of record in place of his former counsel of record, Barbara E. Ransom, Yvettte C. Sterling, and Marianne Malveaux. (ECF 126, 127.)

4. On or around February 19, 2019, Plaintiff's new counsel, Mr. Fletcher, was advised by Deputy Attorney General Julie L. Harlan, counsel for the Defendant Department of Water Resources (DWR) and Defendant David Gutierrez, of the Defendants' intention to file a motion for summary judgment, or in the alternative, motions for summary adjudication in this matter.

5. The twenty-nine page Second Amended Complaint (SAC) asserts violations of: 1) retaliation and discrimination in violation of the Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*) against Defendant Gutierrez only; 2) Section 504 of the Rehabilitation Act (29 U.S.C. § 794) against Defendant DWR only; 3) violation of federal Equal Protection and Due Process rights pursuant to the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983 against Defendant Gutierrez only; 4) mental and physical disability discrimination in

violation of Section 12940(a) of the California Fair Employment and Housing Act (FEHA) (Cal. Govt. Code § 12940, *et seq*.) against Defendant DWR only; 5) FEHA-based failure to engage in the interactive process for a disability (Cal. Govt. Code, § 12940(n)) against Defendant DWR only; 6) FEHA-based failure to provide reasonable accommodation(s) for a disability (Cal. Govt. Code, § 12940(m)) against Defendant DWR only; and 7) FEHA-based harassment (Cal. Govt. Code, § 12940(j)) against both Defendants. Plaintiff's claims involve complex issues with respect to potential accommodations to Plaintiff's water engineer position and other DWR positions due Plaintiff's cognitive impairment caused by his epilepsy and/or brain surgery. As alleged in the SAC, the nature of Plaintiff's disabilities changed over the twelve years he worked for the DWR. In addition, the parties spent three years engaging in the interactive process trying to resolve these issues.

6. Good cause exists for extending the deadline for the Court to hear dispositive motions. As of February 24, 2020, Plaintiff's new counsel, Mr. Fletcher, had yet to receive Plaintiff's client files from his former counsel. Further, this action has been pending for approximately seven (7) years and involve a twelve (12) year relevant time period; therefore, the client files will likely by voluminous. Plaintiff's new counsel requires additional time to obtain and review Plaintiff's client files to be able to prepare an appropriate response to the Defendants' motions for summary judgment/adjudication. Therefore, the parties have stipulated and agreed to request that the Court extend the hearing date for dispositive motions to June 25, 2020. Counsel for Defendants has confirmed from the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50201/ that the Court is currently available to hear dispositive motions in this case on June 25, 2020.

7. Good cause further exists for extending the page limit for the memoranda filed in connection with Defendants' motion for summary judgment/adjudication. Defendants intend to file a single, consolidate motion due to some overlapping issues and facts. However, Defendants cannot adequately present their arguments and evidence supporting summary judgment/adjudication against the SAC within the twenty (20) page limit imposed by the Amended Pretrial Scheduling Order. Therefore, the parties have further stipulated and agreed to

3

request that the Court extend the page limit for the opening and opposition briefs for Defendants' motion for summary judgment/adjudication to no more than forty (40) pages each, and for the reply brief to no more than twenty (20) pages.

FOR THE FOREGOING REASONS, THE PARTIES REQUEST THAT THE COURT, FOR GOOD CAUSE, AMEND THE MAY 31, 2019 AMENDED PRETRIAL SCHEDULING ORDER AS FOLLOWS:

> "All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **June 25, 2020.** Any dispositive motions must be filed and served at least thirty (30) days before the hearing date, but no later than **May 20, 2020.**"

AND:

> "The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of **forty (40) pages** on all initial moving papers, **forty (40) pages** on oppositions, and **twenty (20) pages** for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion."

**IT IS SO STIPULATED.**

Dated: February 26, 2020                    Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANDREA R. AUSTIN
Supervising Deputy Attorney General


 */s Julie L. Harlan*
JULIE L. HARLAN
Deputy Attorney General
*Attorneys for Defendants*
*Department of Water Resources and David Gutierrez*

4

STIPULATION AND ORDER FOR SECOND AMENDMENT TO MAY 31, 2019 PRE-TRIAL SCHEDULING
ORDER RE DISPOSITIVE MOTIONS (2:13-cv-01236-TLN-EFB)

Dated: February 26, 2020               Respectfully submitted,

                                       FLETCHER LAW OFFICES

                                       */s Julie L. Harlan on behalf of and with
                                       written permission from*

                                       FREDRIC FLETCHER
                                       *Attorneys for Plaintiff Syed Mohsin*

## ORDER

After considering the parties' stipulation, and finding good cause therefore, the Court hereby amends the May 31, 2019 Amended Pretrial Scheduling Order as follows:

"All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **June 25, 2020.** Any dispositive motions must be filed and served at least thirty (30) days before the hearing date, but no later than **May 20, 2020.**"

AND:

"The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of **thirty (30) pages** on all initial moving papers, **thirty (30) pages** on oppositions, and **fifteen (15) pages** for replies.

**IT IS SO ORDERED.**

Dated: February 27, 2020

_____
Troy L. Nunley
United States District Judge