UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED MOHSIN,<br><br>                     Plaintiff,<br><br>          v.<br><br>CALIFORNIA DEPARTMENT OF WATER RESOURCES; DAVID GUTIERREZ, in his personal and official capacity as Chief of Division of Safety of Dams; and DOES 1–10,<br><br>                     Defendants. | No. 2:13-cv-01236-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants California Department of Water Resources ("DWR") and David Gutierrez's ("Gutierrez") (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 141.) Plaintiff Syed Mohsin ("Plaintiff") filed an opposition. (ECF No. 155.) Defendants filed a reply. (ECF No. 156.) For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

DWR employed Plaintiff as an Assistant Engineering Specialist in its Division of Safety of Dams ("DSOD") beginning in August 2000.[2] (ECF No. 155-2 at 2.) The DSOD is charged with protecting life and property from dam failure in accordance with California Water Code §§ 6000–6470 and serves as the regulatory agency over 1200 unique dams that fall within its jurisdiction. (*Id.*) Gutierrez was in Plaintiff's supervisory chain of command, first as the Design Branch Chief and later as the DSOD Division Chief. (*Id.*)

Plaintiff has a seizure disorder (epilepsy). (*Id.* at 7.) DWR hired Plaintiff knowing he suffered from a seizure disorder (epilepsy). (*Id.*) In August 2002, Plaintiff had brain surgery to reduce or lessen the impact of his uncontrollable epileptic seizures. (*Id.* at 15.) Plaintiff contends that the 2002 brain surgery lessened the degree of his seizures but negatively impacted his mental processing speed and the use of his executive functions. (ECF No. 38 at ¶¶ 38–39.) Plaintiff alleges that he attempted to receive accommodations for his condition following the surgery but Gutierrez "effectively refused" to provide those accommodations. (*Id.* at ¶¶ 45–46.) Defendant ultimately terminated Plaintiff effective April 13, 2012. (ECF No. 155-2 at 2.)

Plaintiff filed the operative Second Amended Complaint ("SAC") on December 9, 2015. (ECF No. 38 at 1.) Plaintiff alleges the following claims: (1) retaliation and discrimination in violation of Title I of the Americans with Disabilities Act ("ADA") against Gutierrez; (2) retaliation and discrimination in violation of § 504 of the Rehabilitation Act against DWR; (3) a 42 U.S.C. § 1983 ("§ 1983") claim against Gutierrez based on violations of the Equal Protection Clause and Due Process Clause; (4) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a), against DWR; (5) a FEHA violation for failure to reasonably accommodate a disability, California Government Code § 12940(m), against DWR; (6) a FEHA violation for failure to engage in the

---

[1] The following facts are undisputed unless otherwise noted.

[2] Plaintiff argues he was hired as an "Assistant Engineering Specialist Civil (AES)." (ECF No. 155-2 at 2.) Plaintiff states there was another position titled "Assistant Engineering Specialist Electrical." (*Id.*) Plaintiff has not persuaded the Court that the distinction is material to the Court's ruling.

interactive process, California Government Code § 12940(n), against DWR; and (7) a FEHA violation for disability harassment, California Government Code § 12940(j) against both Defendants.[3] (*Id.* at 14–28.) Defendants filed the instant motion for summary judgment on August 20, 2020. (ECF No. 141.)

## II. STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the

---

[3] The Court previously dismissed the remaining claims in the SAC without leave to amend. (ECF No. 43.)

3

suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*.

**III.    ANALYSIS**

Defendants move for summary judgment on the following grounds: (1) DWR provided Plaintiff with reasonable accommodations for his physical disability; (2) Plaintiff cannot show he is a qualified individual with a disability; (3) Plaintiff cannot show that a reasonable accommodation existed for his cognitive disability that would have permitted him to perform all of the essential functions of an engineering position; (4) Plaintiff refused DWR's reasonable accommodation offers that would have enabled him to remain employed with DWR; (5)

Defendants had legitimate business reasons for their actions; (6) Plaintiff's FEHA disability harassment claim fails because it is based only on managerial acts; (7) the *Ex parte Young* ADA claim against Gutierrez fails because he is no longer employed by DWR; and (8) Plaintiff cannot establish his due process or equal protection claims under § 1983. (ECF No. 141-1.) Defendants cite legal authority and specific portions of the record to support their arguments. (*See id.*)

Plaintiff's opposition, on the other hand, is shockingly deficient. (ECF No. 155.) In the six-page opposition — which contains only two pages of what can be loosely described as "argument" — Plaintiff repeatedly proclaims there are triable issues of material fact that preclude summary judgment. (*Id.* at 4–6.) Rather than provide citations to the record or clear arguments to support his claims, Plaintiff generically points the Court to his 50-page affidavit (ECF No. 155-1), his 99-page response to Defendants' statement of undisputed facts (ECF No. 155-2), and over 550 pages of exhibits (ECF No. 155-3) and essentially asks the Court to do the work for him.

The Ninth Circuit has consistently expressed that courts are not required "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (affirming grant of summary judgment in defendants' favor and stating "[w]e rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment"); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (affirming grant of summary judgment in defendants' favor and stating "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found"); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("When reading [appellant's] brief, one wonders if [appellant], in its own version of the 'spaghetti approach,' has heaved the entire contents of a pot against the wall in hopes that something would stick. We decline, however, to sort through the noodles in search of [appellant's] claim."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("[J]udges are not like pigs, hunting for truffles buried in briefs.").

In the absence of any meaningful opposition, the Court concludes Plaintiff fails to create a triable issue of material fact as to any of his claims. As to his ADA and Rehabilitation Act

discrimination claims, Plaintiff fails to set forth the elements of those claims, other than a general description of what the ADA prohibits and that the Rehabilitation Act applies the same standard. (ECF No. 155 at 4–5.) Plaintiff fails to address his prima facie burden, fails to cite specific evidence showing he has met that burden, and fails to respond to Defendants' arguments that Plaintiff was not a qualified individual who could perform the essential functions of an engineering position with or without reasonable accommodations. (*Id.*) To the extent Plaintiff alleges ADA and Rehabilitation Act retaliation claims, Plaintiff fails to mention his retaliation claims anywhere in his opposition. (*See id.* at 1–6.) Moreover, Plaintiff does not address Defendants' argument that they had legitimate business reasons for their actions, nor does he cite evidence showing such reasons were pretextual. (*Id.* at 5.) Plaintiff also fails to address Defendants' argument that Plaintiff cannot bring an ADA claim against Gutierrez under the *Ex parte Young* doctrine because Gutierrez is no longer employed by DWR.[4] (*Id.*)

As to Plaintiff's § 1983 claims, Plaintiff fails to address the elements of his due process and equal protection claims, fails to cite evidence showing there is a triable issue of fact as to those claims, and fails to address Defendants' arguments that Plaintiff's termination satisfied due process and Defendants had a rational basis for their actions. (*Id.* at 5.)

As to Plaintiff's FEHA claims for discrimination, failure to reasonably accommodate, and failure to engage in the interactive process under California Government Code §§ 12940(a), (m), and (n), respectively, Plaintiff summarily states there are triable issues precluding summary judgment for these claims. (*Id.* at 6.) Plaintiff does not address the unique elements of each claim, fails to cite evidence showing there is a triable issue of fact as to each claim, and fails to address Defendants' arguments that Plaintiff was not a qualified individual who could perform the essential functions of his position with or without reasonable accommodations. (*Id.*)

As to Plaintiff's FEHA claim for disability harassment under California Government Code § 12940(j), Plaintiff fails to address the elements of the claim, fails to cite evidence showing there

---

[4]  Plaintiff also argues Defendants "discriminated against him as a person of Pakistani origin after the fall of the Twin Towers in New York City on September 11, 2001." (ECF No. 155 at 4.) However, Plaintiff does not cite — nor can the Court locate — any reference to discrimination other than disability discrimination as a basis for Plaintiff's claims in the SAC.

is a triable issue of material fact, and fails to respond to Defendants' argument that Plaintiff's claim should be dismissed because it is based only on managerial acts. (*Id.* at 6.)

In sum, Plaintiff has failed to raise a triable issue of material fact as to any of his claims. Plaintiff asks the Court to "carefully scrutinize" hundreds of pages of documents to find a triable issue of material fact for him. (ECF No. 155 at 6.) The Court declines to do so in a case with such extremely deficient briefing, especially considering the high caseload in this district and the Court's limited resources. *In re Approval of Jud. Emergency Declared in E. Dist. of Cal.*, 956 F.3d 1175, 1179 (9th Cir. 2020) (noting the Eastern District of California had the highest weighted filings per judgeship in the Ninth Circuit and ranked eighth nationally and finding the District's high caseload qualified as a "judicial emergency").

Accordingly, the Court GRANTS Defendants' motion as to all Plaintiff's claims.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment. (ECF No. 141.) The Clerk of Court is directed to enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

**DATED: September 19, 2022**

Troy L. Nunley
United States District Judge

7